UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JASON SHIM, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>    Defendants. | Case No.  4:23-cv-00549-SDJ<br><br>MOTION OF KEITH LINK AND TREVOR MILKINS FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT |
| KEITH LINK, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>    Defendants. | Case No.  4:23-cv-00603-SDJ |
| ROBERT CODY, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>                Defendants. | Case No.  4:23-cv-00713-SDJ |

**TABLE OF CONTENTS**

MOTION.......................................................................................................................... 1

MEMORANDUM OF LAW ............................................................................................ 2

    I.    PRELIMINARY STATEMENT ........................................................................ 2

    II.    STATEMENT OF FACTS ................................................................................ 4

    III.    ARGUMENT ..................................................................................................... 6

        A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED
            FOR ALL PURPOSES ........................................................................ 6

        B.    LINK AND MILKINS SHOULD BE APPOINTED
            CO-LEAD PLAINTIFFS........................................................................ 6

            1.    Link and Milkins Are Willing to Serve as Class Representatives .. 7

            2.    Link and Milkins Have the "Largest Financial Interest" in the
                Related Actions................................................................................. 8

            3.    Link and Milkins Otherwise Satisfy the Requirements of
                Rule 23 ............................................................................................ 9

        C.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD
            BE APPROVED .................................................................................. 13

CONCLUSION................................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake v. Canoo, Inc., et al.*,
No. 21-cv-2873-FMO (C.D. Cal.) ......................................................................................14

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) .........................................................................................8

*Cody v. DZS Inc. et al.*,
No. 4:23-cv-00713 (E.D. Tex.).............................................................................................1

*Davis v. Yelp, Inc., et al.*,
No. 18-CV-400-EMC (N.D. Cal.) .................................................................................3, 14

*Hohenstein v. Behringer Harvard Reit I, Inc.*,
No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013
(N.D. Tex. Dec. 20, 2012) .....................................................................................................9

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ..................................................................................8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).................................................................................................8

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878
(E.D.N.Y. Mar. 2, 2007) ................................................................................................8, 13

*In re Dynegy, Inc. Sec. Litig.*,
C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858 (S.D. Tex. Oct. 28, 2002).....................13

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002).....................................................................................9, 10

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................8

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.).................................................................................................13

*In re Universal Access, Inc.*,
209 F.R.D. 379 (E.D. Tex. 2002).........................................................................................6

*James v. City of Dallas, Tex.*,
 254 F.3d 551 (5th Cir. 2001) ..................................................................................................10

*Kakkar v. Bellicum Pharm., Inc.*,
 No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704 (S.D. Tex. Mar. 26, 2019).....................12

*Lax v. First Merchants Acceptance Corp.*,
 No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...................................8

*Link v. DZS Inc. et al.*,
 No. 4:23-cv-00603 (E.D. Tex.)...................................................................................................1

*Makhlouf v. Tailored Brands, Inc.*,
 No. H-16-0838, 2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017) ............................13

*Marcus v. J.C. Penney Co.*,
 No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529 (E.D. Tex. Feb. 28, 2014)...................8, 10

*Mullen v. Treasure Chest Casino, LLC*,
 186 F.3d 620 (5th Cir. 1999) ...................................................................................................11

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
 No. 4:17-CV-00449, 2017 U.S. Dist. LEXIS 140268
 (E.D. Tex. Aug. 31, 2017) ........................................................................................................11

*Peralta v. Grana y Montero S.A.A., et al.*,
 No. 17-cv-1105-LDH (E.D.N.Y.)..............................................................................................14

*Ramzan v. GDS Holdings, Ltd.*,
 No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758
 (E.D. Tex. Oct. 26, 2018)..........................................................................................................11

*Shim v. DZS Inc et al.*,
 No. 4:23-cv-00549 (E.D. Tex.).............................................................................................1, 7

*Shiqiang Chen v. NQ Mobile*,
 No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672 (E.D. Tex. May 31, 2018).....................10

*Singh v. 21 Vianet Grp., Inc.*,
 No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385
 (E.D. Tex. Sept. 21, 2015) .....................................................................................................9, 10

*Stein v. Match Grp., Inc.*,
 No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995 (N.D. Tex. June 9, 2016) ........................12

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... *passim*

iii

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

Securities Exchange Act of 1934 ....................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................. *passim*

Fed. R. Civ. P. 42 ............................................................................................................. *passim*

## MOTION

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Keith Link and Trevor Milkins[1] (together, "Link and Milkins"), by and through their counsel, will and do hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an Order: (1) consolidating the above-captioned related actions ("Related Actions"); (2) appointing Link and Milkins as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons or entities that purchased or otherwise acquired DZS Inc. ("DZS" or the "Company") securities between August 2, 2022 and June 1, 2023, inclusive (the "Class Period"); and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel, and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel, for the Class.[2]

---

[1]    Trevor Milkins pursues claims in this litigation both on his own behalf and on behalf of his wife, Anna-Lynn Milkins, from whom he has received a valid assignment of those claims. *See* Declaration of Willie C. Briscoe in Support of Motion ("Briscoe Decl."), Exhibit ("Ex.") A.

[2]    On June 14, 2023, the first-filed of the Related Actions was filed in this Court, styled *Shim v. DZS Inc et al.*, No. 4:23-cv-00549 (E.D. Tex.) ("Shim Action"), alleging a class period including persons or entities who purchased or otherwise acquired publicly traded DZS securities between March 10, 2023 and May 31, 2023, inclusive. *See* Shim Action, Dkt. No. 1 ("Shim Complaint") ¶ 1. On June 27, 2023, a second action alleging the same wrongdoing as the Shim Action against the same defendants was filed in this Court, styled *Link v. DZS Inc. et al.*, No. 4:23-cv-00603 (E.D. Tex.) ("Link Action"), alleging the same class period as alleged in the Shim Action. *See* Link Action, Dkt. No. 1 ("Link Complaint") ¶ 1. Then, on August 9, 2023, a third action alleging substantially the same wrongdoing as the Shim Action and Link Action against the same defendants was filed in this Court, styled *Cody v. DZS Inc. et al.*, No. 4:23-cv-00713 (E.D. Tex.) ("Cody Action"), alleging a larger class period including all persons or entities that purchased or otherwise acquired DZS securities between August 2, 2022 and June 1, 2023, inclusive. *See* Cody Action, Dkt. No. 1 ("Cody Complaint") ¶ 1. Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the largest class period alleged in the Cody Action.

This motion is made on the grounds that, to the best of their knowledge, Link and Milkins are the "most adequate" plaintiffs of the Class within the meaning of the PSLRA and that the PSLRA therefore mandates their appointment as Co-Lead Plaintiffs.  Specifically, Link and Milkins believe that they have the "largest financial interest" in the relief sought by the Class in the Related Actions by virtue of, *inter alia*, the number of DZS shares that they collectively purchased during the Class Period and retained at the end of the Class Period, and the significant losses that they collectively incurred in connection with their Class Period transactions in DZS securities as a result of the fraud alleged in the Related Actions.  Link and Milkins also satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because their claims are typical of the claims of other putative Class members and because they will fairly and adequately represent the interests of the Class.

In addition, the PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval.  Link and Milkins's choice of counsel, with Pomerantz and Holzer as Co-Lead Counsel and BLF as Liaison Counsel, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute these Related Actions effectively and expeditiously under Link and Milkins's direction.

This motion is supported by the memorandum of law submitted herewith, the Briscoe Decl., and all exhibits thereto.

## MEMORANDUM OF LAW

## I.  PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  DZS investors, including Link and Milkins, incurred significant losses following the disclosure of Defendants' alleged

2

fraud, which caused DZS's share price to fall sharply, damaging Link and Milkins and other DZS investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Exchange Act by the same Defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Link and Milkins collectively purchased 3,461 DZS shares, expended $27,163 on these transactions, retained 3,461 of their DZS shares, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $14,373. *See* Briscoe Decl., Ex. B. Accordingly, Link and Milkins believe that they have the largest financial interest in the relief sought in the Related Actions. Beyond their considerable financial interest, Link and Milkins also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, Link and Milkins have selected Pomerantz and Holzer as Co-Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States. Holzer recently recovered $22.25 million for the class of investors in *Davis v. Yelp, Inc., et al.*, No. 18-CV-400-EMC (N.D. Cal.), and has successfully served as Co-

Lead Counsel in numerous other shareholder class actions during the firm's 20-year history. Link and Milkins have also selected the highly respected firm BLF, which has significant experience in complex and securities matters, to serve as Liaison Counsel for the Class.

Accordingly, Link and Milkins respectfully request that the Court enter an order consolidating the Related Actions, appointing them as Co-Lead Plaintiffs for the Class, and approving their selection of Pomerantz and Holzer as Co-Lead Counsel, and BLF as Liaison Counsel, for the Class.

## II.    STATEMENT OF FACTS

DZS purports to be a "global provider of access and optical networking infrastructure and cloud software solutions that enable the emerging hyperconnected, hyper-broadband world and broadband experiences" and that "provides a wide array of reliable, cost-effective networking technologies and software to a diverse customer base." Shim Complaint ¶ 7; Link Complaint ¶ 15; *see also* Cody Complaint ¶ 2. DZS generally sells its products and services directly to carriers and service providers that offer voice, data and video services to businesses, government, utilities, and residential subscribers. Cody Complaint ¶ 2. DZS's customer base consists of regional, national, and international carriers and services providers. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them: (1) DZS' financial statements from March 31, 2023 to the present included certain errors; (2) as a result, DZS would need to restate its previously filed quarterly financial statement for the period ending March 31, 2023; (3) the Company had ongoing undisclosed issues with its internal controls over financial reporting; and (4) as a result, Defendants' statements about the Company's business, operations, and prospects were materially

4

false and misleading and/or lacked a reasonable basis at all relevant times.  Shim Complaint ¶ 25; Link Complaint ¶ 24; *see also* Cody Complaint ¶ 3.

On June 1, 2023, before the market opened, DZS announced that it would restate its financial results for the Company's first fiscal quarter ended March 31, 2023, noting that it improperly accounted for approximately $15 million of revenue during the quarter. *See* Shim Complaint ¶¶ 26-27; Link Complaint ¶¶ 25-26; Cody Complaint ¶¶ 29-30.  DZS further disclosed that "[t]he restatement relates to timing of revenue recognition with respect to two customer projects" and "[t]he most significant of the two revenue restatements is with a long standing, highly valued customer."  Shim Complaint ¶ 27; Link Complaint ¶ 26; Cody Complaint ¶ 30.  The Company also withdrew its previously issued guidance for its second quarter of 2023.  Shim Complaint ¶ 27; Link Complaint ¶ 26; Cody Complaint ¶ 30.

On this news, the price of DZS stock plummeted by $2.17 per share, or 36%, to close at $3.82 on June 1, 2023 (Shim Complaint ¶ 28; Link Complaint ¶ 27; Cody Complaint ¶ 31), on extremely high trading volume (Shim Complaint ¶ 28; Link Complaint ¶ 27).  The next day, DZS's stock price declined another $0.36 per share, or 9.42%, to close at $3.46 per share on June 2, 2023. Link Complaint ¶ 27.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiffs in the Related Actions and other Class members have suffered significant losses and damages.  Shim Complaint ¶ 29; Link Complaint ¶ 28; Cody Complaint ¶ 32.

5

III.    ARGUMENT

A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also, e.g.*, *In re Universal Access, Inc.*, 209 F.R.D. 379, 382 (E.D. Tex. 2002).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title is filed."  15 U.S.C. § 78u-4(a)(3)(A)(ii).   As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, by the same Defendants arising from the public dissemination of false and misleading information to investors.  Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes.  *See Universal*, 209 F.R.D. at 382.

B.    LINK AND MILKINS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Link and Milkins should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in the Related Actions to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

6

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Link and Milkins satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### 1.      Link and Milkins Are Willing to Serve as Class Representatives

On June 14, 2023, counsel for plaintiff in the first-filed of the Related Actions (*i.e.*, the Shim Action) caused the statutorily required Notice of that action to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed on behalf of DZS investors, and which advised investors in DZS securities

that they had until August 14, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Briscoe Decl., Ex. C.

Link and Milkins have filed the instant motion pursuant to the Notice and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. D.  Accordingly, Link and Milkins satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2.   Link and Milkins Have the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Link and Milkins have the largest financial interest of any DZS investor or investor group seeking to serve as lead plaintiffs.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[3] these *Lax* factors have been adopted by courts in the Fifth Circuit, including in this District.  *See, e.g.*, *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *13-15 (E.D. Tex. Feb. 28, 2014); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Buettgen v.*

---

[3]     *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-25 (E.D.N.Y. Mar. 2, 2007).

*Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002).

During the Class Period, Link and Milkins collectively: (1) purchased 3,461 DZS shares; (2) expended $27,163 on their transactions in DZS securities; (3) retained 3,461 of their DZS shares; and (4) as a result of the disclosure of Defendants' alleged fraud, incurred losses of approximately $14,373 in connection with their Class Period transactions in DZS securities. *See* Briscoe Decl., Ex. B. To the extent that Link and Milkins possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Link and Milkins Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that lead plaintiff movants satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that movants satisfy the requirements of Rule 23 is sufficient. *See Singh v. 21 Vianet Grp., Inc.*, No. 2:14-cv-894-JRG-RSP, 2015 U.S. Dist. LEXIS 125385, at *4 (E.D. Tex. Sept. 21, 2015); *Hohenstein v. Behringer Harvard Reit I, Inc.*, No. 3:12-CV-3772-G, 2012 U.S. Dist. LEXIS 180013, at *6 (N.D. Tex. Dec. 20, 2012). Moreover, "'[f]or the purposes

of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant.'" *Shiqiang Chen v. NQ Mobile*, No. 4:18-CV-00096, 2018 U.S. Dist. LEXIS 92672, at *5 (E.D. Tex. May 31, 2018) (quoting *Marcus*, 2014 U.S. Dist. LEXIS 197529, *15); *see also Singh*, 2015 U.S. Dist. LEXIS 125385, at *4 ("When naming a lead plaintiff, a court considers only typicality and adequacy."); *Enron*, 206 F.R.D. at 441.

The typicality requirement of Rule 23(a)(3) is satisfied where the named representatives' claims have "'the same essential characteristics as those of the other class members.'" *Shiqiang*, 2018 U.S. Dist. LEXIS 92672, at *5 (quoting *Marcus*, 2014 U.S. Dist. LEXIS 197529, at *15). "'Typicality does not require a complete identity of claims.  Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class.  If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *James v. City of Dallas, Tex.*, 254 F.3d 551, 571 (5th Cir. 2001) (quoting 5 James Wm. Moore, *et al.*, *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000)).

Link and Milkins's claims are typical of those of the Class.  Link and Milkins allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts, and/or by omitting to disclose material facts concerning DZS.  Link and Milkins, like other Class members, purchased DZS securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove DZS's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that representative parties "will fairly and adequately protect the interests of the class." Class representatives must also have a "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Ramzan v. GDS Holdings, Ltd.*, No. 4:18CV539-ALM-KPJ, 2018 U.S. Dist. LEXIS 183758, at *9 (E.D. Tex. Oct. 26, 2018); *see also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999) (indicating that "[d]ifferences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests").

As set forth in greater detail below, in Pomerantz, Holzer, and BLF, Link and Milkins have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submit their choice of Pomerantz and Holzer to the Court for approval as Co-Lead Counsel for the Class, and BLF as Liaison Counsel for the Class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Link and Milkins's interests and those of the Class. Moreover, Link and Milkins have each submitted a signed Certification declaring their respective commitment to protect the interests of the Class (*see* Briscoe Decl., Ex. D), and the significant losses incurred by Link and Milkins demonstrate that they each have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further, Link and Milkins constitute an appropriate movant duo of the type routinely appointed to serve as Co-Lead Plaintiffs. The appointment of more than one class member to serve as lead plaintiffs is expressly permitted by the PSLRA (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)), and district courts within the Fifth Circuit, including this District, have expressly recognized the propriety of appointing small, cohesive groups as lead plaintiffs. *See, e.g., Okla. Law Enf't Ret.*

11

*Sys. v. Adeptus Health Inc.*, Civil Action No. 4:17-CV-00449, 2017 U.S. Dist. LEXIS 140268, at *24, *28 (E.D. Tex. Aug. 31, 2017) (appointing as lead plaintiffs under the PSLRA "a small group of two members, which is small enough that it would not make decision-making unwieldy, and would not unreasonably disrupt the [group]'s ability to control the lawyers"); *Kakkar v. Bellicum Pharm., Inc.*, No. 4:18-CV-00338, 2019 U.S. Dist. LEXIS 50704, at *10-14  (S.D. Tex. Mar. 26, 2019) (appointing "small" group of unrelated investors as lead plaintiffs under the PSLRA where they "submitted evidence concerning the group member's ability and willingness to cohesively manage the litigation and represent the class"); *Stein v. Match Grp., Inc.*, No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995, at *16-20, *24 (N.D. Tex. June 9, 2016) (appointing two investors with "no pre-litigation connection" as lead plaintiffs where "they have submitted evidence that they each understand their responsibilit[ies]" under the PSLRA).

Link and Milkins likewise have demonstrated their adequacy because they are a small and cohesive duo who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of lead plaintiffs pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Briscoe Decl., Ex. E.  Courts routinely appoint more than one investor as lead plaintiffs under such circumstances.  *See, e.g.*, *Kakkar*, 2019 U.S. Dist. LEXIS 50704, at *12 (finding joint declaration supported group's adequacy because it "demonstrate[d] their plan to coordinate their efforts, oversee counsel, and diligently prosecute this litigation for the benefit of the class" (internal quotation marks omitted)); *Stein*, 2016 U.S. Dist. LEXIS 74995, at *17 (noting group "submitted a joint declaration that adequately makes the required cohesiveness showing").

12

## C.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiffs' choice only if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at *8 (S.D. Tex. Mar. 23, 2017); *In re Dynegy, Inc. Sec. Litig.*, C.A. No. H-02-1571, 2002 U.S. Dist. LEXIS 27858, at *21 (S.D. Tex. Oct. 28, 2002).

Here, Link and Milkins have selected Pomerantz and Holzer as Co-Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Briscoe Decl., Ex. F. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.* Holzer, too, is highly experienced in the areas of securities litigation and class actions. *See id.*, Ex. G. Holzer recently recovered $22.25

13

million for the class of investors in *Davis v. Yelp, Inc., et al.*, No. 18-CV-400-EMC (N.D. Cal.) and $20 million for the class of investors in *Peralta v. Grana y Montero S.A.A., et al.*, No. 17-cv-1105-LDH (E.D.N.Y.), is currently serving as Co-Lead Counsel along with Pomerantz on behalf of a class of investors in *Blake v. Canoo, Inc., et al.*, No. 21-cv-2873-FMO (C.D. Cal.), and has successfully served as Co-Lead Counsel in numerous other shareholder class actions during the firm's 20-year history. *See id.*

BLF is likewise well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, BLF maintains an office in Dallas, Texas, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. H. BLF has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Link and Milkins's counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Link and Milkins's selection of counsel, with Pomerantz and Holzer as Co-Lead Counsel and BLF as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Link and Milkins respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Link and Milkins as Co-Lead Plaintiffs for the Class; and (3) approving their selection of Pomerantz and Holzer as Co-Lead Counsel, and BLF as Liaison Counsel, for the Class.

Dated:  August 14, 2023

Respectfully submitted,

/s/ Willie C. Briscoe
WILLIE C. BRISCOE
State Bar Number 24001788
**THE BRISCOE LAW FIRM, PLLC**
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 346-214-7463
wbriscoe@thebriscoelawfirm.com

*Counsel for Keith Link and Trevor Milkins and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer
(*pro hac vice* application forthcoming)
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Counsel for Keith Link and Trevor Milkins and Proposed Co-Lead Counsel for the Class*

15

## CERTIFICATE OF SERVICE

This is to certify that on August 14, 2023, I have caused to be filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing.

/s/ Willie C. Briscoe
WILLIE C. BRISCOE

16

**CERTIFICATE OF CONFERENCE**

Link and Milkins are aware of Local Rules CV-7(h)-(i), which provide a "meet and confer" requirement and which require, in relevant part, that "[e]xcept [for certain motions not at issue here], all motions must be accompanied by a 'certificate of conference' at the end of the motion following the certificate of service" that "must state: (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) whether the motion is opposed or unopposed."  Here, pursuant to the PSLRA, the deadline to file a motion for appointment as lead plaintiff in the Related Action is August 14, 2023, on which date any member of the putative Class may so move.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i).  Link and Milkins will thus not know the identities of the other putative Class members who intend to file competing lead plaintiff motions until August 15, 2023—the day after the statutory deadline—making conferral with opposing parties and full compliance with the foregoing rules prior to the filing of Link and Milkins's motion papers impracticable.  Under these circumstances, Link and Milkins respectfully request that compliance with Local Rules CV-7(h)-(i) be waived in this instance.

*/s/ Willie C. Briscoe*
WILLIE C. BRISCOE

17