**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JASON SHIM, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>      Defendants. | Civil Action No. 4:23-cv-00549-SDJ<br><br>Hon. Sean D. Jordan |
| KEITH LINK, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>      Defendants. | Civil Action No. 4:23-cv-00603-SDJ<br><br>Hon. Sean D. Jordan |
| ROBERT CODY, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>      Defendants. | Civil Action No. 4:23-cv-00713-SDJ<br><br>Hon. Sean D. Jordan |

**MOTION OF JASON S. HAWKE FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Jason S. Hawke ("Movant") respectfully moves this Court for an order: (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Movant as Lead Plaintiff pursuant to § 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Sponsel Miller Greenberg PLLC ("Sponsel Miller") as Liaison Counsel for the Class.

Movant seeks consolidation, appointment as lead plaintiff, and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. This motion is based on this notice, the attached Memorandum of Law, the Declaration of Thane Tyler Sponsel III in support thereof, and the Court's complete files and records in this action, as well as such further argument as the Court may allow at a hearing on this motion.

*[Signatures on Following Page]*

2

Dated: August 14, 2023

Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No. 24056361/Federal ID No. 690068
Roger B. Greenberg
Texas Bar No. 08390000/Federal ID No. 3932
50 Briar Hollow Lane, Suite 370 W
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
sponsel@smglawgroup.com
roger@smglawgroup.com

*Liaison Counsel for Movant and Proposed Liaison
Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
55 Broadway, 4th Floor
New York, New York 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and Proposed Lead
Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 14, 2023, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III

## CERTIFICATE OF CONFERENCE

Local Rule CV-7(h) requires a conference of counsel prior to filing motions. Due to the PSLRA's lead plaintiff procedure, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule CV-7(h) be waived.

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JASON SHIM, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 4:23-cv-00549-SDJ |
| v. | Hon. Sean D. Jordan |
| DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI, | |
| Defendants. | |
| KEITH LINK, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 4:23-cv-00603-SDJ |
| v. | Hon. Sean D. Jordan |
| DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI, | |
| Defendants. | |
| ROBERT CODY, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 4:23-cv-00713-SDJ |
| v. | Hon. Sean D. Jordan |
| DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JASON S. HAWKE'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ................................................................................. 2

II.  PROCEDURAL HISTORY ................................................................................. 4

III. ARGUMENT ....................................................................................................... 4

    A.   Consolidation of the Actions Is Appropriate ........................................... 4

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ............................... 6

        1.   Movant Filed a Timely Motion. ................................................... 7

        2.   Movant Has the Largest Financial Interest in the Relief Sought. ............. 7

        3.   Movant Satisfies the Relevant Requirements of Rule 23. ........................ 8

            a.   Movant's Claims Are Typical. ............................................ 9

            b.   Movant Is An Adequate Representative. .............................. 9

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. .................. 10

IV. CONCLUSION ................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
    Case No. 4:17-CV-2399, 2018 U.S. Dist. LEXIS 16801 (S.D. Tex. Jan. 22, 2018) ................ 2

*Brady v. Top Ships Inc.*,
    324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................ 6, 7

*In re Cendant Corp.*,
    264 F.3d 201 (3d Cir. 2001)................................................................................ 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
    269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................ 9

*Ferrari v. Impath, Inc.*,
    2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ....................................... 4

*Gluck v. CellStar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ..................................................................... 8

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
    No. 12-cv-3772, 2012 U.S. Dist. LEXIS 180013 (N.D. Tex. Dec. 20, 2012) ........................ 10

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)................................................................................ 4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
    No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................ 8

*Martingano v. Am. Int'l Grp., Inc.*,
    06-cv-1625-JG-JMA, et al., 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006)............ 4

*Villare v. Abiomed, Inc.*,
    19 Civ. 7319 (ER), et al., 2020 U.S. Dist. LEXIS 114684 (S.D.N.Y. June 29, 2020) ............. 1

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 8

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................ 4

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................ *passim*

**Rules**

FED. R. CIV. P. 23 ............................................................................................................... *passim*

Fed. R. Civ. P. 42(a) ................................................................................................. 4, 5

Jason S. Hawke ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Sponsel Miller Greenberg PLLC ("Sponsel Miller") as Liaison Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities who purchased or otherwise acquired DZS Inc. ("DZS" or the "Company") securities between August 2, 2022 and June 1, 2023, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants the Company, Charles Daniel Vogt ("Vogt"), and Misty Kawecki ("Kawecki"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the

---

[1] The actions entitled *Shim v. DZS Inc., et. al.,* Case No. 4:23-cv-00549-SDJ (the "*Shim* Action"), and *Link v. DZS Inc., et al.,* Case No. 4:23-cv-00603-SDJ (the "*Link* Action") define the Class Period as March 10, 2023 through May 31, 2023, inclusive. The action styled *Cody v. DZS Inc., et al.,* No. 4:23-cv-00713-SDJ (the "*Cody* Action") defines the Class Period as August 2, 2022 through June 1, 2023, inclusive. Movant adopts the most-inclusive Class Period defined in the *Cody* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

"most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, Case No. 4:17-CV-2399, 2018 U.S. Dist. LEXIS 16801, at *5-7 (S.D. Tex. Jan. 22, 2018).  In addition, Movant's selection of Levi & Korsinsky as Lead Counsel and Sponsel Miller as Liaison Counsel should be approved because the firms have substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Actions.

## I.      FACTUAL BACKGROUND[2]

DZS purports to be a "global provider of access and optical networking infrastructure and cloud software solutions that enable the emerging hyperconnected, hyper-broadband world and broadband experiences. ¶ 7. The Company provides a wide array of reliable, cost-effective networking technologies and software to a diverse customer base." *Id.*

On August 2, 2022 the Company filed with the SEC its quarterly report on Form 10-Q for the period ending June 30, 2022 (the "2Q22 10-Q"), claiming that "there were no changes in [DZS's] internal control over financial reporting that occurred during [the Company's] last fiscal quarter that have materially affected, or are reasonably likely to materially affect, [DZS's] internal control over financial reporting." *Cody* ¶ 15. Attached to the 2Q22 10-Q were certifications signed

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Shim* Complaint") filed in the *Shim* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Shim* Complaint. The facts set forth in the *Shim* Complaint are incorporated herein by reference. Citations to "*Cody* ¶ __" are to paragraphs in the *Cody* Complaint filed in the *Cody* Action.

by Defendants Vogt and Kawecki pursuant to the Sarbanes-Oxley Act of 2022 ("SOX"), which further attested to the effectiveness of the Company's internal control over financial reporting and the disclosure of all fraud. *Cody* ¶ 16.

On November 1, 2022, the Company filed with the SEC its quarterly report on Form 10-Q for the period ending September 30, 2022 (the "3Q22 10-Q"). *Cody* ¶ 17. The Company once again led the market to believe that DZS's internal control over financial reporting was effective, claiming for example, that there "were no changes in [DZS's] internal control over financial reporting…that have materially affected, or are reasonably likely to materially affect, [DZS's] internal control over financial reporting." *Id.* Similarly, Defendants Vogt and Kawecki signed and submitted SOX certifications, attesting to the design and reliability of the Company's internal control over financial reporting. *Id.*

The statements in ¶¶15-17 of the *Cody* Complaint falsely assured the market that DZS maintained adequate and effective internal controls, when, in fact, DZS had ongoing undisclosed issues with its internal controls over financial reporting. *Cody* ¶ 18.

The statements contained in ¶¶ 16-24 of the *Shim* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 25. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) DZS' financial statements from March 31, 2023 to the present included certain errors; (2) as a result, DZS would need to restate its previously filed quarterly financial statement for the period ending March 31, 2023; (3) the Company had ongoing undisclosed issues with its internal controls over financial reporting; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and

3

misleading and/or lacked a reasonable basis at all relevant times. *Id.*

Before the market opened on June 1, 2023, the Company announced that it would restate its financial statements from May 9, 2023, to the present, in its current report filed with the SEC on Form 8-K. ¶ 26.

Also on June 1, 2023, the Company posted a press release on its website entitled "DZS to Restate First Quarter 2023 Financial Statements and Updates Full Year 2023 Guidance". ¶ 27. This press release was included in a second Form 8-K, which the Company filed with the SEC before market hours on June 1, 2023. *Id.*

In response to this news, the price of DZS stock declined by 36%, or $2.17 per share, to close at $3.82 on June 1, 2023, on extremely high trading volume. ¶ 28. The next day, the price of DZS stock dropped another $0. 10.8%, or 42, to close at $3.46. *Id.*

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Shim* Action against the Defendants. Plaintiff Jason Shim ("Shim") commenced the first-filed action on June 14, 2023. On that same day, counsel acting on Shim's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Thane Tyler Sponsel III in Support of Movant's Motion ("Sponsel Decl.").

On June 27, 2023, a substantially similar action was filed against DZS in this Court, the *Link* Action. Lastly, a third action was filed against DZS in this Court on August 9, 2023, the *Cody* Action. Movant has requested consolidation of the *Shim, Link,* and *Cody* Actions.

## III.   ARGUMENT

### A.   Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting

substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* 06-cv-1625-JG-JMA, et al., 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

**B.    Appointing Movant as Lead Plaintiff Is Appropriate**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation as he purchased 158,100 shares, retained all 158,100 shares through the end of the Class Period, expended $1,113,745.36 and lost $533,866.18 as a

result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Sponsel Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On June 14, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Shim published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service— announcing that a securities class action had been filed against defendants herein and advising purchasers of DZS securities that they had 60 days from the publication of the June 14, 2023 notice to file a motion to be appointed as lead plaintiff. *See* Sponsel Decl., Ex. C.

Movant timely filed his motion within the 60-day period following publication of the June 14, 2023 Press Release and submitted herewith a sworn certification attaching his transactions in DZS securities and attesting that he is willing to serve as representative of the Class.[3] *See* PSLRA Certification, Ex. A to Sponsel Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

---

[3] Movant also provided transactions for, and represents, Warbird Management LLC ("Warbird") and The Hawke Living Trust ("Hawke Trust"). As sole owner of Warbird and trustee of the Hawke Trust, all rights, title, and interest in any and all claims, demands, and causes of action of any kind whatsoever arising from violations under the federal securities laws of the United States of America in connection with the purchase/acquisition of DZS securities have been assigned to Movant. *See* Assignments, Ex. A to Sponsel Decl.

plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired DZS securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $533,866.18. *See* Sponsel Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. At the

lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *12-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claim is typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning DZS's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired DZS securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his

adequacy by retaining competent and experienced counsel, Levi & Korsinsky and Sponsel Miller, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Sponsel Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 25 years. He resides in Meridian, Idaho, and possesses a degree in Physical Science relating to Zoology. Movant is the owner of Hawke Financial Group LLC, a Registered Investment Advisor firm ("RIA") in business since 2001, and serves as its chief executive officer ("CEO"). He is also the sole owner of Warbird Management LLC and Integrated Wealth Concepts LLC. Further, Movant has experience overseeing attorneys, as he has hired attorneys for securities, real estate, arbitration, and estate planning matters. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 U.S. Dist. LEXIS 180013, at *7-8 (N.D. Tex. Dec. 20, 2012).

Here, Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Sponsel Miller as proposed Liaison Counsel. Each firm has extensive experience

10

in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. See Sponsel Decl., Exhibits D and E (firm résumés of proposed counsel). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class and Sponsel Miller as Liaison Counsel, and (4) granting such other relief as the Court may deem just and proper.

Dated: August 14, 2023                          Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No. 24056361/Federal ID No. 690068
Roger B. Greenberg
Texas Bar No. 08390000/Federal ID No. 3932
 50 Briar Hollow Lane, Suite 370 W
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
sponsel@smglawgroup.com
roger@smglawgroup.com

*Liaison Counsel for Movant and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
55 Broadway, 4th Floor
New York, New York 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and Proposed Lead Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 14, 2023, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.

/s/ Thane Tyler Sponsel III
Thane Tyler Sponsel III