**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JASON SHIM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI,<br><br>                    Defendants. | No. 4:23-cv-00549-SDJ |
| KEITH LINK, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI,<br><br>                    Defendants. | No. 4:23-cv-00603-SDJ |
| ROBERT CODY, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI,<br><br>                    Defendants. | No. 4:23-cv-00713-SDJ |

**MOTION OF THE FREEDOM BUSINESS TRUST AND
THE LIFE TRUST FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL;
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

## TABLE OF CONTENTS

MEMORANDUM OF LAW ........................................................................................................ 1

I.      PRELIMINARY STATEMENT ................................................................................... 1

II.     FACTUAL BACKGROUND.......................................................................................... 2

III.    ARGUMENT.................................................................................................................... 3

        A.      The Related Actions Should Be Consolidated........................................................ 3

        B.      Movant Should Be Appointed Lead Plaintiff ........................................................ 4

                1.      The PSLRA's Provisions Concerning the Appointment of Lead
                        Plaintiff ...................................................................................................... 4

        C.      Movant Satisfies the Lead Plaintiff Provisions of the PSLRA .............................. 5

                1.      Movant Filed a Timely Motion................................................................... 5

                2.      Movant Has the Largest Financial Interest in the Relief Sought by the
                        Class............................................................................................................ 6

                3.      Movant Otherwise Satisfies Rule 23.......................................................... 7

        D.      Movant's Selection of Co-Lead Counsel Should Be Approved ............................. 8

IV.     CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Ali v. Intel Corp.*,
   No. 18-CV-00507, 2018 WL 2412111 (N.D. Cal. May 29, 2018).............................................7

*Cornwell v. Credit Suisse Grp.*,
   No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011)............................................9

*Dolan v. Axis Cap. Holdings Ltd.*,
   No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005)................................................4

*Hom v. Vale, S.A.*,
   No. 1:15-CV-9539, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016).............................................7

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010) .....................................................................................7

*Patel v. Reata Pharms., Inc.*,
   549 F. Supp. 3d 559 (E.D. Tex. 2021)...............................................................................6, 7, 8

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ..............................................................................................4

STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
   Rule 10b-5.................................................................................................................................2
   Rule 23 ........................................................................................................................2, 5, 7, 9
   Rule 23(a)..................................................................................................................................6
   Rule 23(a)(1)-(4) ......................................................................................................................7
   Rule 42(a)..................................................................................................................................4

15 U.S.C.
   §78u-4(a)(1) ..............................................................................................................................5
   §78u-4(a)(3)(A)(i)..................................................................................................................5, 6
   §78u-4(a)(3)(A)-(B)..................................................................................................................6
   §78u-4(a)(3)(B)..........................................................................................................................5
   §78u-4(a)(3)(B)(ii)..................................................................................................................4, 5
   §78u-4(a)(3)(B)(iii)....................................................................................................................7
   §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ...............................................................................................5
   §78u-4(a)(3)(B)(iii)(I)(bb) .......................................................................................................6
   §78u-4(a)(3)(B)(iii)(I)(cc)........................................................................................................7
   §78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................................9

§78u-4(a)(3) ........................................................................................................................1
§78u-4(a)(3)(B)(v) .............................................................................................................9

17 C.F.R.
§240.10b-5 ..........................................................................................................................2

The Freedom Business Trust and The Life Trust (the "Trusts" or "Movant") hereby respectfully move this Court, pursuant to §21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an order:  (i) consolidating the above-captioned related actions; (ii) appointing Movant as Lead Plaintiff on behalf of all purchasers of DZS, Inc. ("DZS" or the "Company") securities between August 2, 2022 and June 1, 2023 (the "Class" that bought during the "Class Period"); (iii) approving the Trusts' selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and The Schall Law Firm ("SLF") as Co-Lead Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.[1]

The facts and law supporting this Motion are fully set forth in the below Memorandum of Law, and the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed in support thereof.

## MEMORANDUM OF LAW

I.     PRELIMINARY STATEMENT

Presently pending before the Court are three related securities class actions brought on behalf of all persons or entities who purchased or otherwise acquired DZS securities (the "Related Actions").[2]  Plaintiffs in the Related Actions allege very similar violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission

---

[1]     Local Rule CV-7(h) requires a conference of counsel before filing motions.  Pursuant to the PSLRA, however, any putative class member – regardless of whether that class member has filed a complaint – may file a motion to be appointed as lead plaintiff by August 14, 2023. 15 U.S.C. §78u-4(a)(3). Consequently, there is no way for the Trusts to know which other class members, if any, plan to move for appointment as lead plaintiff until after all the motions have been filed.  Under these limited circumstances, the Trusts respectfully request that the conferral requirement of Local Rule CV-7(h) be waived.

[2]     The Related Actions are: *Shin v. DZS, Inc.*, No. 4:23-cv-0549-SDJ (the "*Shin* Action"), *Link v. DZS, Inc.*, No. 4:23-cv-0603-SDJ (the "*Link* Action"), and *Cody v. DZS, Inc.*, No. 4:23-cv-00713-SDJ (the "*Cody* Action").

-1-

("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5, against the same defendants.  These cases should be consolidated pursuant to the PSLRA and Federal Rule of Civil Procedure 42(a).

As demonstrated below, the Trusts should be appointed to serve as Lead Plaintiff of the consolidated case because: (1) its motion for appointment is timely filed; (2) it has the largest financial interest in this litigation; and (3) it satisfies the relevant requirements of Rule 23, as the Trusts' claims are typical of other Class members' claims, and the Trusts will fairly and adequately represent the interests of the Class.  In addition, Movant's selection of Scott+Scott and SLF as Co-Lead Counsel should be approved because both have substantial expertise in securities class action litigation and the experience and resources necessary to efficiently and effectively prosecute the action.

## II.    FACTUAL BACKGROUND

DZS is a Plano, Texas-based provider of fiber access and optical telecommunications networking and cloud software technology.  ¶2.[3]  DZS trades publicly on the NASDAQ under the ticker "DZSI."  ¶9.  On June 1, 2023, before the market opened, DZS revealed a serious accounting error relating to the timing of revenue recognition with respect to certain customer projects.  ¶29. That same day, the Company also revealed that this error required the Company to downwardly adjust its previously issued guidance.  ¶30.  On this news, the Company's stock declined $2.17 per share, or 36%, to close at $3.82 per share on June 1, 2023, harming investors.  ¶¶30-31.

The three above-captioned related actions all allege that DZS and the other defendants made materially false and/or misleading statements in violation of federal securities laws prior to, and related to, the disclosure of this accounting error.  The *Shin* and *Link* Actions allege

---

[3]    Citations to "¶" and "¶¶" are to the Class Action Complaint For Violations of the Federal Securities Laws filed in the *Cody* Action, No. 23-cv-00713.  ECF No. 1.  Citations to the complaints in the *Shim* and *Link* Actions are noted as such.

misstatements during a stated class period of March 10, 2023 through May 31, 2023, inclusive. The *Cody* Action states a longer class period of August 2, 2022 through June 1, 2023, inclusive, and alleges additional misstatements.  All three actions allege the same general theory of wrongdoing – that DZS and the other defendants misrepresented and failed to disclose adverse facts about the Company's business, operations, and financial reporting – specifically, that the Company's financial statements included errors and would require restatements, and that the Company had ongoing, undisclosed issues with its internal controls over financial reporting.  *See Shim* ¶25; *Link* ¶24; *Cody* ¶¶18, 22, 28.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the court shall not make the determination of the most adequate plaintiff "until after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).  Thereafter, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *Id.*

Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a).  Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a).  *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).  "Consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same "public statements and reports"' and defendants will not be prejudiced."  *Dolan v. Axis Cap. Holdings Ltd.*, No. 04 Civ. 8564, 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13,

2005).[4]  The Related Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct.  Each action names DZS and the same officers as Defendants.  Because the Related Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions.  Accordingly, consolidation under Rule 42(a) is appropriate.

> **B.** **Movant Should Be Appointed Lead Plaintiff**
>
> **1.** **The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff**

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§78u-4(a)(1).

First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

---

[4]     Unless otherwise indicated, all citations and internal quotation marks are omitted and emphasis is added.

Finally, within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  Under this provision, "the most adequate plaintiff" is determined by the following process.  First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) has either filed a complaint or moved for lead plaintiff in response to a notice; (b) has "the largest financial interest in the relief sought"; and (c) otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff.  *See, e.g.*, *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 564 (E.D. Tex. 2021).  As demonstrated below, Movant meets these requirements and should be appointed to serve as Lead Plaintiff.

**C.**     **Movant Satisfies the Lead Plaintiff Provisions of the PSLRA**

**1.**     **Movant Filed a Timely Motion**

On June 14, 20123, which was within 20 days of the filing of the complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), plaintiff in the first-filed *Shim* Action published notice of that action via *BusinessWire*, a widely circulated, national, business-oriented wire service.  *See* Laughlin Decl., Ex. A.[5]  Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Therefore, the time period in which Class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires on August 14, 2023.  Movant timely filed its motion

---

[5]     Counsel for plaintiff in the *Cody* Action filed notice of that complaint and its longer Class Period, on August 9, 2023.  *See* Laughlin Decl., Ex. B.

within the 60-day period following publication of the Notice and has submitted herewith a sworn certification attesting that it is willing to serve as a representative party on behalf of the Class and providing the Trusts' transactions in DZS securities. *See* Laughlin Decl., Ex. C. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

"Under the PSLRA, courts are to presume that the [movant] with the largest financial stake in the relief sought by the class" is the lead plaintiff so long as he or she otherwise satisfies the requirements of Rule 23(a)." *Reata Pharms.* at 564; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Courts in this Circuit have found that the loss suffered is the determinative factor in the financial-interest analysis. *Reata Pharms.* at 565 (citing *Giovagnoli v. GlobalSCAPE, Inc.*, No. SA-17-CV-753, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017) (collecting cases). As evidenced by the accompanying PSLRA certification and Loss Chart detailing transactions and losses, Movant purchased or otherwise acquired DZS during the Class Period and suffered losses of $533,270.10, as a result of Defendants' misconduct.[6] *See* Laughlin Decl., Exs. C & D. Movant has a significant financial interest in this case and is unaware of any other movant with greater financial losses.

---

[6]     Courts generally use the longest alleged class period for lead plaintiff determinations. *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433-34 (S.D. Tex. 2010) ("With regard to the proper class period for purposes of selecting a lead plaintiff, numerous courts have favored using the longest-noticed class period."); *see also Reata Pharms.* at *2 n.1.; *Hom v. Vale, S.A.*, No. 1:15-CV-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *Ali v. Intel Corp.*, No. 18-CV-00507, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) ("For the purpose of determining lead plaintiff, [] use of the longer, most inclusive class period [ ] is proper, as it encompasses more potential class members[.]"). Movant therefore uses the longer Class Period alleged in the *Cody* Action in determining his loss.

Therefore, Movant has the "largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii).

### 3.	Movant Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). Of these four prerequisites, only two – typicality and adequacy – "are relevant." *See Reata Pharms.* at 565. Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff.

Typicality exists where a movant's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* "For the plaintiff to meet this burden, it need not show identical claims." *Id.* Here, the claims asserted by Movant are typical of the claims of the other members of the putative Class because, like all other members of the Class, Movant: (a) purchased or otherwise acquired DZS securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof. Since Movant's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other class members, typicality is satisfied.

A potential lead plaintiff "is adequate when he or she is prepared to prosecute the action vigorously and when no conflicts exist between the named plaintiffs' interests and the class members' interests." *Reata Pharms.* at 566.  Movant here is "adequate" to serve as the Class Representative in the consolidation action because its interests are clearly aligned with the interests of the putative Class.  Movant, like all other members of the Class, suffered losses as a result of purchasing DZS securities at prices that were artificially inflated due to Defendants' alleged misconduct.  Movant will, therefore, benefit from the same relief as other Class members.  Under these circumstances, there exists absolutely no evidence of antagonism between Movant and the putative Class.

Movant has also demonstrated that it is an adequate representative in this matter by retaining competent and experienced counsel.  As shown below, proposed Co-Lead Counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Movant has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

### D.      Movant's Selection of Co-Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In making this determination, the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected the law firms of Scott+Scott and SLF to represent the Class.  Both Scott+Scott and SLF have substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Laughlin Decl., Exs. E-F (firm resumes).  Specifically, Scott+Scott has served as lead or co-lead counsel in many

high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[7] SLF has served as additional counsel in many successful securities class actions.[8]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.*)

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions in this district and throughout the country. *See Sundaram v. Freshworks, Inc.*, No. 3:22-cv-6750 (N.D. Cal.); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936 (N.D. Cal.); *City*

---

[7]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Sup. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

[8]    Recoveries obtained in securities class actions in which SLF acted as additional counsel include: *Erickson v. Snap, Inc.*, No. 17-CV-03679 (C.D. Cal.) ($187.5 million settlement); *Klein v. Altria Group, Inc.*, No. 3:20-cv-00075 (E.D. V.A.) ($90 million settlement); *St. Clair County Employees' Retirement System v. Resideo Technologies, Inc.*, No. 0:19-CV-02863 (D. Minn.) ($55 million settlement).

*of Birmingham Relief and Retirement System v. Acadia Pharmaceuticals Inc.*, No. 21-cv-762 (S.D. Cal.); *Golubowski v. Robinhood Markets*, No. 21-cv-9767 (N.D. Cal.); *Strezsak v. Ardelyx Inc.*, No. 21-cv-5868 (N.D. Cal.); *Pompano Beach Police and Firefighters Retirement System v. Olo Inc.*, No. 22-cv-8228 (S.D.N.Y) (appointed lead counsel); *Jochims v. Oatly Group AB*, No. 22-cv-6360 (S.D.N.Y.) (appointed lead counsel). SLF currently serves as co-lead counsel in *Bergman v. Caribou Biosciences, Inc.*, No. 4:23-cv-01742 (N.D. Cal.) and *In re The Hain Celestial Group Inc. Sec. Litig.*, No. 2:16-cv-04581 (E.D.N.Y.), and on the executive committee of counsel in *Tan v. Goldman Sachs Group Inc.*, No. 21-CV-08413 (S.D.N.Y) (and related cases). In addition, Scott+Scott and SLF have experience working together on securities class actions, including on the executive committee of Tan.

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott and SLF as Co-Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## IV.    CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint the Trusts as Lead Plaintiff on behalf of the Class; (3) approve the Trusts' selection of Scott+Scott and SLF as Co-Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  August 14, 2023                   Respectfully submitted,

*Thomas L. Laughlin, IV by permission Andrea L. Fair*
Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Rhiana L. Swartz (*pro hac vice* forthcoming)
Jonathan Zimmerman (*pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444

-10-

Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall (*pro hac vice* forthcoming)
Ivy T. Ngo (*pro hac vice* forthcoming)
Rina Restaino (*pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone:  310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com
ivy@schallfirm.com
rina@schallfirm.com

*Counsel for Lead Plaintiff Movant The Freedom Business Trust and The Life Trust and Proposed Co-Lead Counsel for the Class*

Joseph P. Allgor
**HERSKOVITS PLLC**
205 Broadway, 7th Floor
New York, NY 10007
Telephone:  212-897-5410
Facsimile:   646-558-0239
joseph@herskovitslaw.com

*Additional Counsel for Lead Plaintiff Movant The Freedom Business Trust and The Life Trust*

Of Counsel:

Andrea L. Fair
Texas State Bar No. 24078488
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Andrea L. Fair
Andrea L. Fair

## CERTIFICATE OF CONFERENCE

I hereby certify that based on the procedures set out in the Private Securities Litigation Reform Act of 1995, any class member may file a motion seeking appointment as lead plaintiff without also filing a complaint, and class members have until August 14, 2023 to file their motions to be appointed lead plaintiff.  As a result, counsel cannot know who all of the lead plaintiff movants will be, and therefore, the parties cannot meet and confer with all movants regarding consolidation or the appointment of lead plaintiff, until after the August 14, 2023 lead plaintiff motion deadline has passed.  Under these limited circumstances, the Trusts respectfully request that the conferral requirement of Local Rule CV-7(h) be waived in this narrow instance.

/s/ Andrea L. Fair
Andrea L. Fair
