**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JASON SHIM, Individually and on Behalf of All Others Similarly Situated, | No. 4:23-cv-00549-SDJ |
| Plaintiff, | |
| v. | |
| DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI, | |
| Defendants. | |
| KEITH LINK, Individually and on Behalf of All Others Similarly Situated, | No. 4:23-cv-00603-SDJ |
| Plaintiff, | |
| v. | |
| DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI, | |
| Defendants. | |
| ROBERT CODY, Individually and on Behalf of All Others Similarly Situated, | No. 4:23-cv-00713-SDJ |
| Plaintiff, | |
| v. | |
| DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI, | |
| Defendants. | |

**OPPOSITION BY FREEDOM BUSINESS TRUST AND LIFE TRUST
TO COMPETING MOTION FOR
<u>APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL</u>**

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ...................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

I.      THE TRUSTS AND HAWKE HAVE ALLEGED THE SAME APPROXIMATE
FINANCIAL LOSS ............................................................................................................ 2

II.     HAWKE IS INADEQUATE AND ATYPICAL AND IS DISQUALIFIED FROM
SERVING AS LEAD PLAINTIFF .................................................................................... 4

        A.     Hawke "Engaged in a Dishonest and Unethical Practice" and Violated Idaho
State Securities Law Less than Five Years Ago ..................................................... 5

        B.     Client Complaints Filed Against Hawke as a Broker-Dealer Further Undermine
His Adequacy ........................................................................................................... 7

        C.     Hawke Is Further Inadequate Because His Failure to Disclose the Idaho
Agreement & Order and the Numerous Complaints Against Him Demonstrates
a Lack of Candor to the Court.................................................................................. 7

CONCLUSION.............................................................................................................................. 7

# TABLE OF AUTHORITIES

**PAGE(S)**

CASES

*Gonzalez v. Cano Health, Inc.*,
No. 22-20827-CIV, 2022 WL 18832150 (S.D. Fla. Dec. 22, 2022)..........................................7

*Hall v. Nat'l Recovery Sys. Inc.*,
No. 96–132–CIV–T–17(C), 1996 WL 467512 (M.D. Fla. Aug. 9, 1996)................................5

*Hartsell v. Source Media*,
No. 98 Civ.1980, 2003 WL 21245989 (N.D. Tex. Mar. 31, 2003) ...........................................1

*In re Network Assoc., Inc. Sec. Lit.*,
76 F.Supp.2d 1017 (N.D. Cal. 1999) .......................................................................................5

*In re Pfizer Inc. Sec. Litig.*,
233 F.R.D. 334 (S.D.N.Y.2005) ...............................................................................................3

*Juliar v. Sunopta Inc.*,
No. 08-CV-1070, 2009 WL 1955237 (S.D.N.Y. Jan. 30, 2009) ...............................................3

*Newman v. Eagle Bldg. Techs.*,
209 F.R.D. 499 (S.D. Fla. 2002).........................................................................................4, 5

*Police & Fire Retirement System of City of Detroit v. SafeNet, Inc.*,
No. 06-CV-5797, 2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007)..............................................3

*Randall v. Fifth Street Financial Corp.*,
2016 WL 462479 (S.D.N.Y. Feb. 1, 2016)................................................................................3

*Sneed v. AcelRx Pharmaceuticals, Inc.*,
Case No. 21-cv-04353, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021)......................4, 7

*Utopia Entm't, Inc. v. Claiborne Par.*,
No. CIV.A. 03-1355, 2006 WL 548476 (W.D. La. Mar. 6, 2006) ...........................................5

*Villare v. ABIOMED, Inc.*,
No. 19-Civ-7319, 2020 WL 3497285 (S.D.N.Y. June 29, 2020).............................................4

*Xianglin Shi v. Sina Corp.*,
No. 05 CIV. 2154 (NRB), 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ...............................1, 4

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................1, 4
    Rule 104.28 ..............................................................................................................6

Financial Industry Regulatory Authority
    Rule 3280 .................................................................................................................6

15 U.S.C.
    §78u-4(a)(3)(B)(iii)(I) ............................................................................................1
    §78u–4(a)(3)(B)(iii)(II) ..........................................................................................4

## SUMMARY OF ARGUMENT

There are two competing motions for appointment of lead plaintiff and approval of lead counsel in this securities class action pending before this Court.[1]  Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court should appoint the movant with the largest financial interest in the case, so long as that movant is otherwise adequate and typical within the meaning of Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Here, that movant is Freedom Business Trust and Life Trust (the "Trusts" or "Movant").[2]  The two competing movants reflect nearly identical financial interests, but the Trusts are the movant that is both adequate and typical. Therefore, the Trusts should be appointed Lead Plaintiff.

Competing movant Jason S. Hawke ("Hawke") has alleged a loss that is approximately the same size as the loss alleged by the Trusts.  But, critically, Hawke is inadequate and atypical, and therefore, is disqualified from serving as lead plaintiff.  A class representative is a fiduciary for absent class members.   Accordingly, "[h]onesty and trustworthiness are [ ] relevant factors in determining an individual's ability to serve as a class representative." *Xianglin Shi v. Sina Corp.*, No. 05 CIV. 2154 (NRB), 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005).  "As such, convictions of fraud or other forms of dishonesty undermine the qualifications of a potential class representative." *Id.* (*citing See Hartsell v. Source Media*, No. 98 Civ.1980, 2003 WL 21245989, at *3 (N.D. Tex. Mar. 31, 2003)).

---

[1]    Each of the competing movants also moved for consolidation of the three above-captioned similar cases.  A third movant, a group of two unrelated individuals, Keith Link and Trevor Milkins (ECF No. 10), filed a notice of non-opposition to the other competing motions.  ECF No. 15.

[2]    All defined terms herein have the same meanings as set forth in the Trusts' opening motion papers.  ECF No. 14.  Unless otherwise stated, all emphasis is added and internal citations are omitted.

Here, Hawke has engaged in a staggering amount of troubling misconduct that disqualifies him from serving as lead plaintiff.  Indeed, in 2019, Hawke was found by the State of Idaho Department of Finance to have ***willfully violated securities laws***.  The State of Idaho specifically found that Hawke "***engaged in a dishonest and unethical practice***."  *See* Laughlin Supp. Decl., Ex A. at ¶¶16-17 (the "Idaho Agreement & Order," dated September 27, 2019).  Furthermore, complaints have been filed against Hawke by his brokerage clients multiple times, who have alleged that Hawke defrauded them.  As many courts have held, an individual who has engaged in dishonest conduct and himself violated securities law obviously cannot serve as a lead plaintiff.

Accordingly, the Court should grant the Trusts' lead plaintiff motion in full and deny all competing motions.

## ARGUMENT

### I.    THE TRUSTS AND HAWKE HAVE ALLEGED THE SAME APPROXIMATE FINANCIAL LOSS

The Trusts and Hawke have alleged equivalent financial losses in this matter.  Under these circumstances, where two competing lead plaintiff movants are effectively tied, courts look beyond the issue of financial loss and consider which movant would best serve the class as lead plaintiff.  Here, that movant is the Trusts because, as explained further below, Hawke has engaged in disqualifying, unethical misconduct.

Under the case law, the Trusts and Hawke have alleged equivalent losses and are equally entitled to claim the title of "presumptive lead plaintiff" under the PSLRA.  Hawke has alleged a loss of $533,866.  ECF No. 13-2 (Hawke loss chart).  The Trusts have asserted a loss of $533,270.  ECF No. 14-5 (Trusts loss chart).  The difference between these two alleged losses is $400, or a

.007 percent difference.[3]    Where the difference between movants' alleged losses is this insignificant, courts treat the alleged losses as equivalent for purposes of determining leadership under the PSLRA.  *Randall v. Fifth Street Financial Corp.*, 2016 WL 462479, \*\*2-3 (S.D.N.Y. Feb. 1, 2016) (Holding movants had "approximately equal" financial loss where there was 18% difference in alleged losses and holding that "[a]s the difference among competing plaintiffs' alleged losses shrinks, so too does the persuasiveness of the presumption.  Indeed, some courts have declined to afford this presumption to movants – particularly individual investors – when the difference between their alleged losses and those of competing movants – particularly institutional investors – was "minimal.""); *Police & Fire Retirement System of City of Detroit v. SafeNet, Inc.*, No. 06-CV-5797, 2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007) (holding that "[t]he very slight difference, however, between the Groups' losses – the Public Retirement Group's loss is only 2% below those allegedly suffered by the Pension & Annuity Group – cannot dictate such an important result" and "treat[ing] these losses as roughly equal")*; In re Pfizer Inc. Sec. Litig.,* 233 F.R.D. 334, 338 (S.D.N.Y. 2005) (holding that where damage calculations differed by less than 2%, "[g]iven the probable margin of error involved in the damage estimates before the Court, [the two Groups] have roughly equal damages").

Where movants' losses are tied, courts can look to other factors and consider which movant would best serve as lead plaintiff.  *See, e.g. Randall*, 2016 WL 462479, \*\*2-3 (determining that institutional plaintiff would be best lead plaintiff after first determining that movants had "approximately equal" financial loss); *Juliar v. Sunopta Inc.*, No. 08-CV-1070, 2009 WL 1955237, at \*2 (S.D.N.Y. Jan. 30, 2009) (same).

---

[3]    The only other movant, Keith Link and Trevor Milkins (ECF No. 10), alleged a much smaller loss of $14,373.  ECF Nos. 10 (Motion) & 11-2 (loss chart).

Applying this analysis, the Court should appoint the Trusts as lead plaintiff because their appointment would best serve the Class.  Further, as described below, Hawke has violated securities laws and engaged in "dishonest" and "unethical" conduct.  Such an individual cannot represent a class of investors in a fiduciary capacity.  For these reasons, the Court should deny Hawke's motion and grant the Trusts' motion in full.

## II.   HAWKE IS INADEQUATE AND ATYPICAL AND IS DISQUALIFIED FROM SERVING AS LEAD PLAINTIFF

Furthermore, Hawke's motion for appointment must be denied because, in light of his "dishonest" and "unethical" violations of securities laws, Hawke is not adequate and typical within the meaning of Federal Rule of Civil Procedure 23.  Therefore, under the PSLRA, Hawke is disqualified from serving as lead plaintiff.

The PSLRA disqualifies lead plaintiff movants who cannot fairly and adequately represent the class or who are subject to unique defenses.  15 U.S.C. §78u–4(a)(3)(B)(iii)(II).  Dishonest conduct by a movant is disqualifying because "[i]n addition to seriously undermining adequacy, past dishonesty makes a movant "subject to unique defenses that might imperil certification of a class in this case."  *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504 (S.D. Fla. 2002); *Sneed v. AcelRx Pharmaceuticals, Inc.*, Case No. 21-cv-04353; 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021) (proposed lead plaintiff previously indicted for embezzlement and convicted of wire fraud not adequate); *Villare v. ABIOMED, Inc.*, No. 19-Civ-7319, 2020 WL 3497285, at *7 (S.D.N.Y. June 29, 2020) (disqualifying proposed lead plaintiff previously convicted of health care fraud); *Xianglin*, 2005 WL 1561438, at *4 (rejecting movant previously convicted of providing false information to a financial institution).

Furthermore, prior bad acts related to securities laws and regulations are especially problematic.  For example, in *Newman*, a member of a lead plaintiff movant group had been

publicly cited as violating SEC and NASD rules in two instances.  209 F.R.D. at 504.  That individual was found to be inadequate and was removed from the group.  *Id.* at 504-05 ("Having been found by the SEC and the NASD to have violated certain securities laws, Mr. Kashner may be subject to unique defenses that might imperil certification of a class in this case.  Furthermore, Mr. Kashner's violations raise concerns about his moral character.  Courts have refused to appoint individuals of questionable character to serve as fiduciaries in class actions") (citing *Hall v. Nat'l Recovery Sys. Inc.*, No. 96–132–CIV–T–17(C), 1996 WL 467512, at *5-6 (M.D. Fla. Aug. 9, 1996); *In re Network Assoc., Inc. Sec. Lit.*, 76 F.Supp.2d 1017, 1029 (N.D. Cal. 1999) (fraud investigation was a "major negative" to appointment as lead plaintiff, holding "the Court is unwilling to install an enterprise under such a cloud in a position of trust and confidence")).

At least one court in this Circuit has gone even further and rejected a lead plaintiff movant due to a prior narcotics conviction, even though that prior bad act did not include an act of dishonesty or violation of securities laws.  *Utopia Entm't, Inc. v. Claiborne Par.,* No. CIV.A. 03-1355, 2006 WL 548476, at *1 (W.D. La. Mar. 6, 2006) (noting that prior bad acts *not* involving "fraud or other crimes involving dishonesty" are not a *per se* ban on serving as a class representative, but finding prior narcotics convictions "prevent[ed] [movant] from serving as a trustworthy fiduciary to absent class members").

Here, there is ample evidence of past dishonesty by Hawke that mandates his preclusion as a lead plaintiff.

### A.    Hawke "Engaged in a Dishonest and Unethical Practice" and Violated Idaho State Securities Law Less than Five Years Ago

Hawke has been found by the State of Idaho to have "willfully" committed a "dishonest and unethical practice" while employed as a FINRA-regulated broker-dealer and investment

advisor.  *See* Laughlin Supp. Decl., Ex. A at ¶¶13-17.[4]  On September 27, 2019, the State of Idaho Department of Finance found that Hawke "willfully violated" (i) the Idaho Uniform Securities Act, (ii) FINRA Rule 3280, and (iii) his broker-dealer/employer's policies, when he engaged in private securities transactions without authorization by his employer.  *Id.*  In its findings, the Idaho Department of Finance specifically found that, twice in December 2018, Hawke "engaged in a dishonest and unethical practice" under Idaho state law.  *Id.* at ¶¶16-17.  Hawke admitted to these findings.  *Id.* at ¶18.  Hawke's failure to properly notice his private transactions resulted in him being terminated by his employer in early 2019.  *Id.* at ¶6.  The Agreement & Order also states that Hawke "willfully violated" Rule 104.28 of the Idaho Uniform Securities Act and FINRA Rule 3280, when he engaged in private securities transactions without providing notice to his employer.  *Id.* at ¶14.  Pursuant to Idaho law, this was a "dishonest and unethical practice."  *Id.* at ¶16.  Hawke agreed to pay a $10,000 civil penalty and his registration was suspended for thirty days.  *Id.* at ¶¶19-21.  He also agreed to hire an independent compliance consultant to conduct annual compliance examinations for five years.  *Id.* at ¶22.

This was not the first time that Hawke had violated these very securities laws.  In 2011, Hawke was terminated by a different employer for "violation of firm policy and industry rules related to commission payments and an unapproved private securities transaction."  *Id.* at ¶8.  As a result, in 2015, the Idaho Department of Finance issued Hawke a letter of censure after an investigation into the facts and circumstances that led to his termination.  *Id.* at ¶9.  Hawke was clearly on notice of his reporting requirements and thus willfully violated them again in 2019.

---

[4]    This document is in the public record.  *See* Director's Agreement and Order, Docket No. 2019-7-06, (Dep't of Fin. of the State of Idaho Sept. 27, 2019). https://www.finance.idaho.gov/legal/administrative-actions/securities/enforcement-orders/documents/2019/4861-2019-7-06-hawke-a&o.pdf  (last visited Aug. 28, 2023).

**B.      Client Complaints Filed Against Hawke as a Broker-Dealer Further Undermine His Adequacy**

In addition to the securities violations detailed in the Idaho Agreement & Order, customers have filed nine complaints about Hawke with FINRA arising out of brokerage services provided by Hawke.   Laughlin Supp. Decl., Ex. B at 14-28 (FINRA Broker Check).    Certain of these complaints, including five of which were settled for significant financial sums, raise allegations of misrepresentation, common law fraud, and breach of fiduciary duty, all of which are highly relevant to Hawke's lead plaintiff application and raise further doubts about his ability to lead this class action.  *See Gonzalez v. Cano Health, Inc.*, No. 22-20827-CIV, 2022 WL 18832150, at *4 (S.D. Fla. Dec. 22, 2022) (considering, for insurance agent movant, whether "any complaint has been made against him with the Florida Department of Financial Services").

**C.      Hawke Is Further Inadequate Because His Failure to Disclose the Idaho Agreement & Order and the Numerous Complaints Against Him Demonstrates a Lack of Candor to the Court**

Hawke's lack of candor has continued with the current lead plaintiff motion.   He did not disclose the serious misconduct and violations of the law described herein to the Court, despite their obvious relevance.  This lack of candor is itself further reason to reject Hawke's motion.  *See Sneed*, 2021 WL 5964596, at *4 (rejecting movant where he "did not disclose the offenses in his own motion, and as became clear at the hearing, he did not even disclose them to his own counsel").

**CONCLUSION**

For the foregoing reasons and the reasons set forth in its opening motion papers, the Trusts respectfully request that the Court grant its Motion and enter an Order: (1) appointing it as Lead Plaintiff; (2) approving its selection of Scott+Scott and SLF as Co-Lead Counsel; (3) consolidating the above-captioned cases; and (3) denying the competing motions.

DATED:  August 29, 2023                    Respectfully submitted,

*Thomas L. Laughlin, IV (by permission Andrea L. Fair)*
Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Rhiana L. Swartz (*pro hac vice* forthcoming)
Jonathan Zimmerman (*pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

Brian J. Schall (*pro hac vice* forthcoming)
Ivy T. Ngo (*pro hac vice* forthcoming)
Rina Restaino (*pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com
ivy@schallfirm.com
rina@schallfirm.com

*Counsel for Lead Plaintiff Movant Freedom Business Trust and Life Trust and Proposed Co-Lead Counsel for the Class*


Of Counsel:

Andrea L. Fair
Texas State Bar No. 24078488
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Andrea L. Fair*
Andrea L. Fair
