# EXHIBIT F

BEFORE THE DIRECTOR OF THE DEPARTMENT OF FINANCE

OF THE STATE OF IDAHO

In the Matter of:

JASON STEVEN HAWKE,

(CRD No. 4177415)

          Respondent,

Docket No. 2019-7-06

AGREEMENT AND ORDER

      The Director of the Department of Finance ("Director") has conducted an investigation into the conduct of JASON STEVEN HAWKE ("Hawke").  Pursuant to the investigation, it appears to the Director that violations of the Idaho Uniform Securities Act (2004), (the "Act") Idaho Code § 30-14-101 et. seq. have occurred.  The Director and Hawke have agreed to resolve this matter without a public hearing or other adjudication of this matter.  Therefore, the Director deems it appropriate and in the public interest to enter this Agreement and Order ("Order").  Respondent voluntarily consents to the entry of the Order.

**RESPONDENT**

      1.     Hawke is a resident of Idaho and an investment advisor representative of Hawke Financial Group LLC ("HFG"), an Idaho based investment advisor firm registered with the Securities Exchange Commission and notice filed in Idaho.   Hawke is the only owner and control person of HFG.

**BACKGROUND**

      2.     The Financial Industry Regulatory Authority ("FINRA" ) and the Idaho Department of Finance ("Department") registered Hawke as a broker-dealer agent of National

1

Securities Corporation ("NSC") (CRD No. 7569) in October 2011.  The Department also registered Hawke as an investment advisor representative of National Asset Management, Inc. ("NAMI") (CRD No. 115927), a close affiliate of NSC, in September 2011.

3.    On December 17, 2018, Hawke invested $30,000 in Hackney Creek Partners, LLC ("HCP").  Hawke invested in HCP primarily as a tax planning strategy involving a conservation easement.  The investment was a private securities transaction.

4.    On December 24, 2018, Hawke directed that $18,000 of his original investment in HCP be moved and invested in Neighbors Ridge Investors LLC ("NRI"), a related entity under common management with HCP.  The investment in NRI also involved a conservation easement and was a private securities transaction.

5.    NSC's written policies and procedures required Hawke to provide written notice to NSC's chief supervisory officer, ***"prior to participating in any private securities transaction,…"***  Hawke signed several compliance documents with NSC and/or NAMI attesting that he was aware of and understood this policy.

6.    NSC and NAM terminated their association with Hawke on March 27, 2019, disclosing on Hawke's Form U5 that, ***"Registered representative failed to notify the Firm prior to engaging in Private Securities Transactions in accordance with the Firm's policies and procedures."***

7.    NSC and NAM's termination was not Hawke's first employment termination for issues relating to private securities transactions.

8.    On August 2, 2011, Hawke's former employers, JP Turner & Company LLC (CRD No. 43177) ("JPTC") and JP Turner & Company Capital Management LLC (CRD No. 124446) ("JPTCCM") terminated their association with him and his registration as a broker-

2

dealer agent and investment advisor representative, respectively.  JPTC stated in Hawke's Form U5 that he was terminated for, ***"violation of firm policy and industry rules related to commission payments and an unapproved private securities transaction."***

9.      On July 16, 2015, the Department issued Hawke a letter of censure as a result of an investigation into the facts and circumstances that led to his termination from JPTC and JPTCCM.  The letter of censure notified Hawke that ***"The Department may consider these past activities in the evaluation of any violations that may occur in the future."***

10.     FINRA Rule 3280 states, in part, ***"Prior to participating in any private securities transaction, an associated person shall provide written notice to the member with which he is associated describing in detail the proposed transaction and the person's proposed role therein,…"*** All persons registered with FINRA are required to comply with all applicable rules.

11.     On July 26, 2019, following an inquiry into Hawke's termination from NSC, FINRA issued a Cautionary Action Letter regarding the HCP and NRI private securities transactions, finding: ***In or about February 2019, you invested in one or more private securities transactions; however, you failed to provide written notice to your FINRA member firm employer prior to engaging in those transactions.***

12.     Hawke violated NSC's written policies and procedures and FINRA Rule 3280 when he failed to provide notice to NSC prior to engaging in private securities transactions when he purchased interests in HCP and NRI.

## FINDINGS OF VIOLATIONS

13.     Idaho Code § 30-14-412(d)(2) authorizes the Department to deny a person's application for registration or revoke or suspend a person's registration if, in the last ten years, the person has willfully violated the Act or a rule adopted thereunder.

3

14. Hawke willfully violated Rule 104.28 of the Rules Pursuant to the Act when he violated FINRA Rule 3280 by engaging in private securities transactions without providing prior notice to NSC.

15. Idaho Code § 30-14-412(d)(13) authorizes the Department to deny a person's application for registration or revoke or suspend a person's registration if, in the last ten years, the person has engaged in dishonest or unethical practices in the securities business.

16. Under Rule 104.28 of the Rules Pursuant to the Act, failure to comply with any applicable provision of any FINRA rule is a dishonest and unethical practice.

17. Consequently, Hawke engaged in a dishonest and unethical practice when he violated FINRA Rule 3280 by engaging in private securities transactions without providing prior notice to NSC.

## ACKNOWLEDGMENT AND REMEDIES

The Department and Hawke agree as follows:

18. Hawke admits the Findings of Violations.

19. Hawke agrees to pay a civil penalty of ten thousand dollars ($10,000).

20. The Department agrees to approve Hawke's application for registration as an investment advisor representative of HFG effective as of September 1, 2019.

21. Hawke's registration is suspended for a period of thirty (30) days starting on the effective date of registration. Hawke's suspension shall be in effect from September 1, 2019, through September 30, 2019.

22. Hawke, as owner and control person of HFG, agrees that HFG will hire an unaffiliated, independent compliance consultant to conduct annual compliance examinations for a period of five (5) years. Hawke and HFG agree to pay all expenses related to the examination

4

of HFG, including, but not limited to, the activities of Hawke and all other HFG investment advisor representatives.  Hawke agrees that the Department must approve of the compliance consultant, the terms of the consulting agreement, and the parameters of the examinations prior to the examination.  The consultant will prepare a written report within sixty (60) days after the examinations and provide a copy of the report to the Department five (5) days after the report is completed.  Hawke agrees to schedule the examinations in the first quarter of each year starting in 2020.

23.     Hawke agrees to permanently cease and desist from violating the Act and agrees to comply with all the provisions of the Act and the Rules promulgated thereunder in the future.

24.     Hawke acknowledges that if he fails to comply with this Order, the Department may institute further proceedings against him.

25.     Hawke represents that all information he provided to the Department in connection with his application for registration and the Department's investigation relating to the Order is accurate and complete.

26.     Hawke waives any rights he may have to notice and opportunity for a hearing on this matter.


AGREED TO and ACKNOWLEDGED this __27__ day of ___Sept.___, 2019

_____
JASON STEVEN HAWKE


5

IT IS SO ORDERED

DATED this _27th_ Day of _September_ , 2019

STATE OF IDAHO
DEPARTMENT OF FINANCE

MARY HUGHES, Acting Director of Finance

6