## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JASON SHIM, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>    Defendants. | Civil Action No. 4:23-cv-00549-SDJ<br><br>Hon. Sean D. Jordan |
| KEITH LINK, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>    Defendants. | Civil Action No. 4:23-cv-00603-SDJ<br><br>Hon. Sean D. Jordan |
| ROBERT CODY, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWECKI,<br><br>    Defendants. | Civil Action No. 4:23-cv-00713-SDJ<br><br>Hon. Sean D. Jordan |

**MOVANT JASON S. HAWKE'S REPLY IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ........................................................................................ 1

II. ARGUMENT ................................................................................................................... 1

    A. The Trust's Opposition Brief is Untimely and Should be Stricken. ....................... 1

    B. Mr. Hawke and the Trusts Losses are *Not* the Same. ........................................... 2

    C. The FINRA Violations Do Not Disqualify Mr. Hawke from Serving as Lead Plaintiff. ................................................................................................................. 3

III. CONCLUSION................................................................................................................. 5

## I.     PRELIMINARY STATEMENT

Mr. Jason S. Hawke filed a motion in this securities fraud class action lawsuit asking to be appointed as the lead plaintiff. The only opposition to Mr. Hawke's motion comes from a "group" of unrelated trust entities named The Freedom Business Trust and The Life Trust. Despite the fact that this "group" is represented by no less than four separate law firms, their opposition was filed one day late (during the afternoon of August 29, 2023 instead of on or before the August 28, 2023 deadline pursuant to Local Rule CV-7(e)).

The opposition also incorrectly states the trusts' "financial interest" in the lawsuit, and misconstrues Mr. Hawke's professional record as a licensed and respected registered investment advisor. Over the span of a twenty-plus year career, Mr. Hawke has serviced numerous clients with success. However, in an effort to disqualify him from serving as lead plaintiff, counsel for the Freedom and Life Trusts have seized on a reporting violation from several years ago that resulted in a small fine and recast it as an egregious character flaw that precludes him from representing the Class. Their description of the violation is at odds with what actually occurred and, in any event, is not akin to the extreme criminal conduct that courts in the past have held sufficient to disqualify a lead plaintiff movant.

Mr. Hawke respectfully requests that the Court disregard the untimely opposition filed by the Freedom and Life Trusts or, if considered, reject it and grant Mr. Hawke's motion in its entirety.

## II.    ARGUMENT

### A.    The Trusts' Opposition Brief is Untimely and Should be Stricken.

Local Civil Rule CV-7(e) specifies that "A party opposing a motion has fourteen days…from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision." *See* Local Rule

CV-7(e). Lead plaintiff motions were filed on August 14, 2023. Accordingly, oppositions were due August 28, 2023. The Freedom and Life Trusts did not file an opposition until the afternoon of August 29, 2023. Thus, by failing to timely oppose Mr. Hawke's motion, the Trusts waived their right to do so and the untimely brief they ultimately filed should be stricken. *See Vasudevan v. Adm'rs of Tulane Educ. Fund*, 706 F. App'x 147, 150-51 (5th Cir. 2017) (affirming district court's decision to strike untimely opposition brief where counsel "failed to demonstrate any 'excusable neglect'"); *Reed v. Gautreaux*, No. 19-130-SDD-RLB, 2019 U.S. Dist. LEXIS 202082, at *6-7 (M.D. La. Nov. 21, 2019) (striking opposition brief because it was untimely under local rules).

**B.      Mr. Hawke and the Trusts' Losses are *Not* the Same.**

The class period proposed in the *Cody* complaint and adopted by the Freedom and Life Trusts appears to be "frivolous" or the result of "gamesmanship" by their attorneys. *See* ECF No. 16, pp. 5-7 (citing *Villare v. Abiomed, Inc.*, 2020 U.S. Dist. LEXIS 114684, at *11-13 (S.D.N.Y. June 29, 2020)). However, even if considered for the purposes of these motions, the Freedom and Life Trusts' recoverable losses still do not exceed Mr. Hawke's recoverable loss. *See Marjanian v. Allied Nev. Gold Corp.*, No. 3:14-cv-0175-LRH-WGC, 2015 U.S. Dist. LEXIS 2782, at *13 (D. Nev. Jan. 8, 2015) ("To determine which plaintiff has the largest financial stake, courts consider the 'recoverable damages' of each party pursuant to *Dura Pharmaceuticals*"); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005). In fact, the Trusts' losses are approximately $200,000 less than claimed because they sold the vast majority of their shares ***before*** the corrective disclosure alleged in this action. Courts in the Fifth Circuit and across the country have concluded that if "the purchaser sells the shares . . . ***before*** the relevant truth begins to leak out, the misrepresentation ***will not have led to any loss***." *Dura*, 544 U.S. at 342 (emphasis added); *see also Marjanian*, 2015 U.S. Dist. LEXIS 2782, at *13 ("To determine which plaintiff has the largest financial stake,

2

courts consider the 'recoverable damages' of each party pursuant to *Dura Pharmaceuticals*");

*Marcus v. J.C. Penney Co., Inc.,* 2014 WL 11394911 at *3 (E.D. Tex. Feb. 28, 2014) (considering

the *Dura* method when analyzing movant's financial interest).

### C.     The FINRA Violations Do Not Disqualify Mr. Hawke from Serving as Lead Plaintiff.

The Freedom and Life Trusts disregard Mr. Hawke's overarching twenty-plus year career

as a successful registered investment advisor in favor of accusing him of egregious misdeeds

relating to a mere reporting violation that occurred several years ago and resulted in a small fine,

*i.e.*, $10,000. Neither this nor the few resolved customer disputes rise anywhere close to the level

of misconduct that courts require before disqualifying an otherwise perfectly adequate shareholder

from serving as a lead plaintiff. *See Murphy v. JBS S.A.*, No. 17-CV-3084, 2017 U.S. Dist. LEXIS

166262, at *17 (E.D.N.Y. Oct. 6, 2017) (appointing a movant as lead plaintiff despite "violation"

of "technical rule regarding investment concentrations" under Brazil's securities regulations);

*Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 U.S. Dist. LEXIS 32271, at *21-23 (S.D. Fla.

Apr. 18, 2008) (declining to disqualify movant as lead plaintiff over "accusations of insider

trading"); *Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944, 951 (N.D. Ill. 2007) (appointing

day-trader as class representative who had been sanctioned by the National Association of

Securities Dealers for engaging in "deceptive stock transactions" and who had "failed to disclose

[that] fact in discovery").

To make their case, the Freedom and Life Trusts rely on nothing more than a few out-of-

context excerpts from the reporting violation. For example, in their brief, the Trusts repeatedly

claim that Mr. Hawke committed a "dishonest and unethical practice." *See*, *e.g.*, ECF No. 17, pp.

2, 5-6. When read in full though, it is clear that the reporting violation was based solely on Mr.

Hawke's failure to report a $30,000 investment to his in-house corporate supervisor at the time,

pursuant to his employer's compliance policies. *See* ECF No. 17-2, pp. 1-2. Mr. Hawke did not violate any federal securities laws, steal from his employer or any of his clients, or commit any other bad act impugning his ability to serve as a representative plaintiff in this lawsuit. Similarly, the handful of resolved customer complaints on his record (specifically, nine complaints out of twenty-plus years of service) do not suffice for the "proof" necessary to rebut the PSLRA's presumption of "most adequate plaintiff." *See Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872, at \*20-22, 29 (S.D. Tex. Mar. 23, 2017) (rejecting "unique defense" argument in absence of evidence).

None of what the Trusts rely upon "appear[s] to represent the degree of serious misconduct that would require [Mr. Hawke's] candidacy to be rejected at this stage . . . in the absence of any specific connection between the types of violations claimed and the . . . fraud alleged here." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004) (declining to disqualify candidate for lead plaintiff on the basis that it settled claims of fraud with SEC). "[E]ven taken at face value, the [reporting violations and customer complaints] do not paint the damning portrait of [Mr. Hawke] that [the Trusts] suggest." *Murphy*, 2017 U.S. Dist. LEXIS 166262, at \*16. This is because "[n]othing about [Mr. Hawke's reporting violation] indicates that [Mr. Hawke] would have an antagonistic or conflicting claim, or that [Mr. Hawke] would not have sufficient interest in the outcome to ensure vigorous advocacy. In short, nothing presented by [the trusts] would indicate that [Mr. Hawke] could not fairly and adequately protect the interests of the class." *Levie*, 496 F. Supp. 2d at 950; *see also Miller*, 2008 U.S. Dist. LEXIS 32271, at \*21-23 (declining to disqualify movant as lead plaintiff over "accusations of insider trading"); *Montoya v. Herley Indus.*, No. 06-2596, 2006 U.S. Dist. LEXIS 83343, at \*7 (E.D. Pa. Nov. 14, 2006) (allowing the appointment of a lead plaintiff who had settled fraud

4

charges with the SEC); *c.f. In re Activision Sec. Litig.*, 621 F. Supp. 415, 429 (N.D. Cal. 1985) (holding that a proposed lead plaintiff's criminal record "is irrelevant to the issue of adequate class representation since it does not implicate [his] ability to act as fiduciary or demonstrate any antagonism with class members").

The cases cited by the Freedom and Life Trusts do not change the outcome on this issue. In *Newman*, a securities fraud class action where the corporate-defendant allegedly inflated its revenue for various reporting periods, the court disqualified a movant who violated "SEC and NASD rules" by "promot[ing] and sell[ing] speculative stocks" using unregistered brokers and newsletters containing misleading statements. *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 504 (S.D. Fla. 2002). Further, as a result of the SEC's findings against the movant, he was *inter alia* "barred from acting in a supervisory capacity with any broker for a period of two years" and ordered to disgorge their profits . . . ." *Id*. Thus, unlike Mr. Hawke, the movant in *Newman* violated the precise rules against manipulative trading practices that the class action sought to enforce.

The other authorities cited by the Trusts are equally unpersuasive. For example, *Utopia Entertainment* rejected a lead plaintiff applicant for being a "twice convicted drug distribution felon." *Utopia Entm't, Inc. v. Parish*, No. 03-1355, 2006 U.S. Dist. LEXIS 11956, at *4 (W.D. La. Mar. 6, 2006). Mr. Hawke is nothing of the sort and no such accusation is made against him. Similarly, Mr. Hawke is not "under investigation for criminal fraud violations" nor has he already been "arrested for tax evasion, fraud, money laundering, conspiracy and consorting with criminal elements." *See In re Network Assocs. Sec. Litig.*, 76 F. Supp. 2d 1017, 1029 (N.D. Cal. 1999). It is unclear why the Freedom and Life Trusts even included these cases in their brief.

## III.    CONCLUSION

For the foregoing reasons, Mr. Hawke respectfully requests that the Court grant his Motion

in its entirety.

Dated: September 5, 2023                    Respectfully submitted,

                                            **SPONSEL MILLER GREENBERG PLLC**


                                            */s/ Thane Tyler Sponsel III*
                                            Thane Tyler Sponsel III
                                            Texas Bar No. 24056361/Federal ID No. 690068
                                            Roger B. Greenberg
                                            Texas Bar No. 08390000/Federal ID No. 3932
                                            50 Briar Hollow Lane, Suite 370 W
                                            Houston, Texas 77027
                                            Telephone: (713) 892-5400
                                            Facsimile: (713) 892-5401
                                            sponsel@smglawgroup.com
                                            roger@smglawgroup.com

                                            *Liaison Counsel for Jason S. Hawke and Proposed*
                                            *Liaison Counsel the Class*

                                            **LEVI & KORSINSKY, LLP**
                                            Adam M. Apton
                                            33 Whitehall Street, 17th Floor
                                            New York, NY 10004
                                            Tel.: (212) 363-7500
                                            Fax: (212) 363-7171
                                            Email: aapton@zlk.com

                                            *Lead Counsel for Jason S. Hawke and Proposed*
                                            *Lead Counsel for the Class*


## CERTIFICATE OF SERVICE

   I HEREBY certify that on September 5, 2023, I electronically filed the foregoing document with the Clerk of the Court CM/ECF.


                                            */s/ Thane Tyler Sponsel III*
                                            Thane Tyler Sponsel III

6