## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JASON SHIM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI, <br><br> Defendants. | No. 4:23-cv-00549-SDJ |
| KEITH LINK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI, <br><br> Defendants. | No. 4:23-cv-00603-SDJ |
| ROBERT CODY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI, <br><br> Defendants. | No. 4:23-cv-00713-SDJ |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY FREEDOM BUSINESS TRUST AND LIFE TRUST FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; AND IN OPPOSITION TO ALL COMPETING MOVANTS**

The Trusts are the only movant qualified to serve as Lead Plaintiff.[1]  The only competing movant, Jason Hawke ("Hawke"), has admittedly engaged in "dishonest" and "unethical" conduct, violated securities laws, and has been sued nine times by his broker clients for, among other things, breach of fiduciary duty and fraud.  Instead of coming clean about his past, Hawke baselessly speculates that the Trusts are not related and half-heartedly attacks the merit of the Expanded Class Period alleged in the *Cody* Action.  *See* ECF No. 16 ("Hawke Opposition").  Both contentions fail.

First, Hawke incorrectly claims that the Trusts were unrelated until they moved for Lead Plaintiff and are a lawyer-driven agglomeration.  Hawke is wrong.  The Trusts manage money for the same beneficiary and have the same trustees, Yvonne R. Wong and Jordan E. Kanter.  Second, in arguing against the Expanded Class Period, Hawke ignores well-settled PSLRA jurisprudence consistently using the longest class period at the lead plaintiff stage because it includes more potential class members and that the *Cody* Complaint readily meets the "obviously frivolous" standard applied by courts in this Circuit.  Third, regardless of the Class Period used for assessing financial interest, the Court should nevertheless reject Hawke's motion because he is inadequate in light of his unethical and dishonest conduct.  For these reasons, as well as the reasons set forth in the Trusts' opening brief and opposition, the Court should approve the Trusts' motion for appointment of lead plaintiff and counsel in full.

## I.   THE TRUSTS ARE RELATED

Based on pure conjecture, Hawke claims that the Trusts "do not have any pre-existing relationship with one another" and provides caselaw on unrelated movants.  Hawke Opposition at 12-14.  Hawke's assertion is incorrect.  The Trusts were not brought together for the purposes of

---

[1]   All defined terms herein have the same meanings as set forth in the Trusts' previous submissions with the Court.   ECF Nos. 14 ("Trusts' Opening Brief") and 17 ("Trusts' Opposition").  Unless otherwise stated, all emphasis is added and internal citations are omitted.

this litigation.  Rather, they manage the assets of the same beneficiary and have the same trustees, Mr. Kanter and Ms. Wong.  The Trusts' PSLRA certification, which was filed with the Trusts' opening motion, makes it clear the Trusts are related:  "We, Jordan Kanter, as General Managing Member for trustee Victory Financial Services, LLC, and Yvonne R. Wong as individual trustee, on behalf of The Freedom Business Trust and The Life Trust (collectively, the "Trusts"), have authority to bind the Trusts and enter into litigation on the Trusts behaves . . . ."  ECF No. 14-4 at 2.  Accordingly, Hawke is completely wrong as a matter of fact and his argument, which is directed at groups comprised of unrelated plaintiffs, is completely irrelevant.[2]

## II.   THE TRUSTS HAVE THE LARGEST FINANCIAL INTEREST IN THIS CASE

Hawke argues the Court should assess losses under the shortened class period in the *Shim* action rather than the Expanded Class Period in the *Cody* action, and that his loss is greater than the Trusts' loss in the shorter class period.  The Court should reject Hawke's argument.

The law is clear that "nothing in the PSLRA limits the class period to the period identified in the first notice."  *See Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624 n.6 (E.D. Wis. 2009).  Rather, courts uniformly recognize new class periods and new allegations in complaints filed during the 60-day "notice period."  *See, e.g.*, *Hom v. Vale, S.A.*, No. 1:15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *Horowitz v. SUNEDISON,*

---

[2]     There is no dispute that two related plaintiffs like the Trusts satisfy even the "strictest approach" for appointment of a group.  *See, e.g.*, *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000) ("[T]his Court finds that the strictest approach, requiring at maximum a small group with the largest financial interest in the outcome of the litigation and a pre-litigation relationship based on more than their losing investment, satisfies the terms of the PSLRA and serves the purpose behind its enactment.").  Indeed, the Trusts are the quintessential "group Lead Plaintiff" which "involves a 'small number of members that share such an identity of characteristics, distinct from those of almost all other class members, that they can almost be seen as being the same person.'" *In re Landry's Seafood Rest., Inc.*, No. Civ.A. H-99-1948, 2000 WL 33999467, at *4 (S.D. Tex. Mar. 30, 2000).

*Inc.*, No. 4:15 CV 1769, 2016 WL 1161600, at *2 (E.D. Mo. Mar. 24, 2016).

Furthermore, courts view efforts by competing lead plaintiffs to advocate for shortened class periods with skepticism because limiting the class period so early in the case significantly prejudices investors who purchased during the extended class period.  Indeed, courts in this Circuit and others "have favored using the longest-noticed class period" when calculating losses for lead plaintiff selection.  *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *see Doyle v. Reata Pharms., Inc.*, No. 21-cv-00987, 2022 WL 1206580, at *2, n.1 (E.D. Tex. Apr. 22, 2022) ("[T]he Court will use . . . the longer class period with the earlier start date"); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-CV-3415-D, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016) ("[T]he longest, most inclusive class period encompasses more potential class members and increases potential damages."); *see also Eichenholtz v. Verifone Holding, Inc.*, No. C07-06140, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008) ("[I]t is unclear why a plaintiff would argue for a shorter class period at this stage . . . unless it was in the best interest of that particular plaintiff only."); *Hardy v. MabVax Therapeutics Holdings*, No. 18-cv-01160, 2018 WL 4252345, at *5 (S.D. Cal. Sept. 6, 2018) (following consolidation, "the most sensible way to harmonize the different class periods is to adopt the longest class period").

Ignoring this in-Circuit authority, Hawke argues that this Court must reject the Expanded Class Period because it is "implausible."  The standard in this Circuit, however, is "obviously frivolous," which the *Cody* Complaint easily meets.  *See, e.g.*, *BP*, 758 F. Supp. 2d 428, 434 ("For purposes of selecting a lead plaintiff, the Court will use the longest noticed class period unless the factual allegations supporting that period are 'obviously frivolous.'"); *Robison v. Digital Turbine, Inc.*, No. 1:22-CV-00550-DAE, 2022 WL 17881476, at *5 (W.D. Tex. Dec. 19, 2022) (same).

Here, the Expanded Class Period relies on actionable misstatements arising out of the same

3

misconduct as the *Shim* complaint and is supported by the evidence available at this early stage. Specifically, the *Cody* Complaint identifies statements from August 2, 2022 and November 1, 2022, including statements within certifications signed by Defendants Vogt and Kawecki, which falsely assured investors that the Company maintained adequate and effective internal controls over financial reporting when, in fact, DZS had ongoing undisclosed issues with its internal controls. ¶¶15-18.  For example, the *Cody* Complaint alleges that Defendants Vogt and Kawecki attested under the Sarbanes–Oxley Act that the Company's financial reporting was accurate, that they had "[d]esigned such internal control over financial reporting, or caused such internal control over financial reporting to be designed under [their] supervision," and that there were no undisclosed material errors or changes. ¶¶16-17.  Less than a year later, DZS admitted its internal controls suffered from a deficiency. ¶20.  Based on the announcement, the material weakness existed in the fourth quarter of 2022. *Id*.  These allegations support a strong inference of scienter, as Defendants Vogt and Kawecki were required to oversee and manage financial reporting and the effectiveness of DZS's internal controls. *See, e.g.*, *Mulderrig v. Amyris, Inc.*, 492 F. Supp. 3d 999, 1028 (N.D. Cal. 2020) (finding that these allegations support an inference that defendants were aware of matters relevant to their certifications or recklessly failed to make themselves aware); *see also In re LendingClub Sec. Litig.*, 254 F. Supp. 3d 1107, 1122 (N.D. Cal. 2017) (finding it "absurd" to think management would have been blind to weaknesses and improprieties when the company assured investors its controls performed adequately and effectively).  Hawke's invitation to exclude these and other misstatements regarding the Company's internal controls being adequate and effective ***while*** the Company's internal control deficiency existed belies logic and disadvantages the putative Class.

4

Likewise, Hawke's arguments against the Expanded Class Period excise DZS investors who purchased securities on June 1, 2023, **before** the truth about DZS's ineffective internal controls was fully revealed to the market.  As alleged in the *Cody* Complaint, on June 1, 2023, DZS issued two corrective disclosures at different times of the day.  **Before** markets opened, the Company filed a Form 8-K with the Securities and Exchange Commission revealing the discovery of an accounting error relating to the timing of revenue recognition with respect to certain customer projects ("Form 8-K").  Then, **during** market hours, DZS issued a press release further revealing that the discovery required the Company to downwardly adjust its previously-issued guidance (Press Release").  ¶¶29-30.  DZS's stock price reacted to both the Form 8-K and the Press Release, and thus investors who purchased before the Company issued the Press Release, but after it issued the Form 8-K, should be included in the Class.

## III.    HAWKE REMAINS INADEQUATE

Irrespective of the class period used to assess financial loss, Hawke remains inadequate. He has not addressed his dishonest and unethical conduct and his hostility towards potential Class members who purchased DZS securities before March 10, 2023 and after May 31, 2023, renders him incapable of serving as Lead Plaintiff.  *See, e.g.*, *In re Cell Pathways, Inc. Sec. Litig., II*, 203 F.R.D. 189, 192, n.2 (E.D. Pa. 2001) (movants who "questioned the facts and conclusions of the complaint" inadequate); *Deering, v. Galena Biopharma, Inc.*, No. 3:14-CV-00367, 2014 WL 4954398, at *7 (D. Or. Oct. 3, 2014) (advocacy for shorter class period rendered lead plaintiff movant inadequate to represent the entire class).

## IV.    CONCLUSION

For the foregoing reasons and those set forth in its Opening Brief and Opposition, the Trusts respectfully request that the Court grant their Motion and deny Hawke's competing motion.

5

DATED:  September 5, 2023         Respectfully submitted,

  *s/ Ivy T. Ngo (by permission Andrea L. Fair)*
Ivy T. Ngo (*pro hac vice* forthcoming)
Brian J. Schall (*pro hac vice* forthcoming)
Rina Restaino (*pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
ivy@schallfirm.com
brian@schallfirm.com
rina@schallfirm.com

Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Rhiana L. Swartz (*pro hac vice* forthcoming)
Jonathan Zimmerman (*pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant Freedom Business Trust and Life Trust and Proposed Co-Lead Counsel for the Class*

Of Counsel:

Andrea L. Fair
Texas State Bar No. 24078488
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
Facsimile:  903-757-2323

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Andrea L. Fair*