## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JASON SHIM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI,<br><br>Defendants. | No. 4:23-cv-00549-SDJ<br><br>LEAD CASE |
| KEITH LINK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI,<br><br>Defendants. | No. 4:23-cv-00603-SDJ |
| ROBERT CODY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DZS INC., CHARLES DANIEL VOGT, and MISTY KAWCKI,<br><br>Defendants. | No. 4:23-cv-00713-SDJ |

**FREEDOM BUSINESS TRUST AND LIFE TRUST'S SUR-REPLY IN RESPONSE TO JASON S. HAWKE'S REPLY IN FURTHER SUPPORT OF MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

Nothing in Jason Hawke's ("Hawke") reply changes the fact that the Trusts remain the only movant qualified to serve as Lead Plaintiff.[1]  Instead, Hawke's arguments against the Trusts' appointment continue to underscore his inadequacy to serve as a fiduciary of the putative Class.

First, Hawke's contention that the Trusts' Opposition was untimely is plainly wrong.  Local Civil Rule CV-7(e) provides that a party opposing a motion has fourteen days "***from the date the motion was served***" in which to file a response.  Local Civil Rule CV-5(a)(3)(C) states that "[s]ervice is deemed completed at the 'entered on' date and time stated on the Notice of Electronic Filing from the court, ***except that documents filed electronically after 5:00 p.m. Central Time shall be deemed served on the following day***."  Hawke filed his initial motion on August 14, 2023, *after* 5:00 PM (Central Time).  ECF No. 12 (showing Hawke filed his motion at 11:09 PM).  Consequently, his motion was not served until August 15, 2023, making August 29, 2023 – the date the Trusts filed their opposition – the applicable deadline.  *See* Local Rule CV-5(a)(3)(C); ECF No. 17.  Hawke's lack of familiarity with this Court's basic rules and procedures raises questions about his ability to effectively represent the interests of the putative Class.  *See, e.g.*, *4401 Glenview Ct. Prop., LLC v. Crum & Forster*, No. 4:21-CV-00596-P, 2021 WL 7540291, at *1 (N.D. Tex. May 17, 2021) (dismissing action because plaintiff failed to comply with local rule).

Second, Hawke continues to baselessly claim that the Trusts are "unrelated" when they exist for the benefit of the same beneficiary and are managed by the same two trustees, Yvonne R. Wong and Jordan E. Kanter, who have authority to bind the Trusts and enter them into litigation.

Third, Hawke continues to self-servingly advocate for application of the shorter Class Period, against the interests of a large swath of DZS investors injured by Defendants' alleged

---

[1]     All defined terms herein have the same meanings as set forth in the Trusts' previous submissions with the Court.  ECF Nos. 14 ("Trusts' Opening Brief") and 17 ("Trusts' Opposition").  Unless otherwise stated, all emphasis is added and internal citations are omitted.

wrongdoing, and despite well-settled PSLRA jurisprudence countenancing the utilization of the longest class period at the lead plaintiff stage. *See, e.g.*, *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-CV-3415-D, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016)*; In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 433 (S.D. Tex. 2010); *Doyle v. Reata Pharms., Inc.*, No. 21-cv-00987, 2022 WL 1206580, at *2, n.1 (E.D. Tex. Apr. 22, 2022).   Hawke's persistent hostility toward potential Class members who purchased DZS securities before March 10, 2023 and after May 31, 2023, solidifies his inadequacy. *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367, 2014 WL 4954398, at *7 (D. Or. Oct. 3, 2014) (advocacy for shorter class period rendered lead plaintiff movant inadequate to represent the entire class).   Indeed, contrary to Hawke's accusations of gamesmanship concerning the filing of the *Cody* Action, courts inversely find requests to utilize a shorter class period evidence of "gamesmanship."   *See Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008).   The Class deserves undivided loyalty, and as Hawke already seeks to excise claims and Class members at this preliminary stage in the litigation, he stands wholly inadequate for the role of Lead Plaintiff.

Fourth, notwithstanding Hawke's effort to whitewash his history of bad acts – acts that resulted in termination, a letter of censure, payment of a civil penalty, suspension, annual compliance examinations, and several settlement payouts to former clients – it is uncontested that the State of Idaho found that Hawke "***willfully***" committed a "***dishonest and unethical practice***," in violation of Idaho state law and FINRA rules, and that, on at least nine separate occasions, complaints were filed by former Hawke clients alleging misrepresentation, common law fraud, and breach of fiduciary duty.   Each act independently disqualifies Hawke from being appointed Lead Plaintiff as each one "subject[s him] to unique defenses that imperil certification of [the] [C]lass."   *Newman v. Eagle Bldg. Techs*., 209 F.R.D. 499, 504 (S.D. Fla. 2002).   Considered

together, they leave no doubt that Hawke is unfit to serve as a fiduciary, especially of a Class alleging that Defendants misrepresented the truth about DZS's business, operations and financial condition in violation of U.S. securities laws and related SEC rules and regulations. Hawke's out-of-circuit authority does not countenance otherwise and is easily distinguishable. For example, in *Miller v. Dyadic Int'l, Inc.*, a competing movant levied "unsupported allegations" of insider trading against the presumptive lead plaintiff, which the Court rejected. No. 07-80948-CIV, 2008 WL 2465286, at *7 (S.D. Fla. Apr. 18, 2008). Here, among other things, the Trusts present ***findings*** by the State of Idaho Department of Finance that Hawke "willfully violated securities laws," and "engaged in a dishonest and unethical practice," as well as ***Hawke's own admission*** to these conclusions.

For similar reasons, this case differs markedly from *Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395 (S.D.N.Y. 2004), *see* Hawke Reply at 4, where the court appointed as co-lead plaintiff an entity whose principal had been censured and nominally fined for purportedly "attempt[ing] to influence the release of market information by misrepresenting himself as a governmental official." There, the court reasoned that the alleged wrongdoing occurred 12 years earlier and there was no admission of guilt. *Id.* Here, ***Hawke admitted*** to violating the Idaho Uniform Securities Act, FINRA and his broker-dealer/employer policies twice ***in December 2018***. Trust Opp. at 4-5. Consequently, this case is more akin to those in which the court disqualified movants because of prior dishonesty and/or lack of trustworthiness. *See, e.g.*, *In re Proxima Corp. Sec. Litig.,* No. 93–1139, 1994 WL 374306, at *17 (S.D. Cal. May 3, 1994) (concluding that plaintiff who admitted to engaging in fraud was unfit to serve as class representative because the "admission of wrongdoing here distinguishes this case from those cases in which courts typically certify class representatives in the face of mere allegations of misconduct

3

or unlawful activity"); *Kornick v. Talley,* 86 F.R.D. 715, 721 (N.D. Ga. 1980) (rejecting trustees as class representatives where they had admitted to loaning funds to themselves from the trust, thereby breaching their fiduciary duties, although these activities were never the subject of any lawsuit); *Folding Cartons, Inc. v. Am. Can Co.,* 79 F.R.D. 698, 703 (N.D. Ill. 1978) (finding that findings from a prior action that plaintiff's principal had participated in deceptive selling schemes, deliberately lied and concealed his actions were "persuasive evidence of the inadequacy of the named plaintiff to assume the fiduciary position of a class representative").[2]

For the foregoing reasons and those set forth in their Opening, Opposition, and Reply Briefs, the Trusts respectfully request that the Court grant their Motion and deny Hawke's motion.

DATED:  September 13, 2023          Respectfully submitted,

　　　　　　　　　　　　　　　　 *s/ Ivy T. Ngo (by permission Andrea L. Fair)*
　　　　　　　　　　　　　　　　 Ivy T. Ngo (*pro hac vice* forthcoming)
　　　　　　　　　　　　　　　　 Brian J. Schall (*pro hac vice* forthcoming)
　　　　　　　　　　　　　　　　 Rina Restaino (*pro hac vice* forthcoming)
　　　　　　　　　　　　　　　　 2049 Century Park East, Suite 2460
　　　　　　　　　　　　　　　　 Los Angeles, CA 90067
　　　　　　　　　　　　　　　　 Telephone: 310-301-3335
　　　　　　　　　　　　　　　　 Facsimile:  310-388-0192
　　　　　　　　　　　　　　　　 ivy@schallfirm.com
　　　　　　　　　　　　　　　　 brian@schallfirm.com
　　　　　　　　　　　　　　　　 rina@schallfirm.com

---

[2]    *Levie v. Sears, Roebuck & Co.*, merely stands for the unremarkable proposition that a "short-selling day trader" may be typical to serve as class representative.  It is, therefore, not of particular relevance here.  496 F. Supp. 2d 944 (N.D. Ill. 2007).

4

Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Rhiana L. Swartz (*pro hac vice* forthcoming)
Jonathan Zimmerman (*pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Lead Plaintiff Movant Freedom Business Trust
and Life Trust and Proposed Co-Lead Counsel for the Class*

Of Counsel:

Andrea L. Fair
Texas State Bar No. 24078488
andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
Facsimile:  903-757-2323

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*s/ Andrea L. Fair*
Andrea L. Fair

6