UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON SHIM, Individually and On Behalf of All Others Similarly Situated, | § § § § | CIVIL NO. 4:23-CV-549-SDJ |
| KEITH LINK, Individually and On Behalf of All Others Similarly Situated, | § § § § | CIVIL NO. 4:23-CV-603-SDJ |
| ROBERT CODY, Individually and On Behalf of All Others Similarly Situated, <br><br> v. | § § § § § § | CIVIL NO. 4:23-CV-713-SDJ |
| DZS INC., ET AL. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF JASON S. HAWKE'S
MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ......................................................................................... 1

II.  ARGUMENT...................................................................................................................... 3

  A.  Jason S. Hawke Possesses a Greater Recoverable Loss Under Both of the Alleged
      Class Periods.................................................................................................................. 3

  B.  The Class Period Proposed in the *Cody* Complaint Is Implausible and "Obviously
      Frivolous". ..................................................................................................................... 8

III. CONCLUSION................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brody v. Zix Corp.*,
   Civil Action No. 3:04-CV-1931-K, 2005 U.S. Dist. LEXIS 13871 (N.D. Tex. 2005) ........ 3, 7

*Buettgen v. Harless*,
   263 F.R.D. 378 (N.D. Tex. 2009) ...................................................................................... 3

*In re Centerline Holding Co. Sec. Litig.*,
   08 Civ. 505 (SAS), et al., 2008 U.S. Dist. LEXIS 36406 (S.D.N.Y. May 5, 2008) ................. 8

*City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*,
   17 CV 1677, 1958, et al., 2017 U.S. Dist. LEXIS 199868 (N.D. Ohio Dec. 4, 2017) ............ 7

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005)..................................................................................................... 3, 6

*Eichenholtz v. Verifone Holdings, Inc.*,
   No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633 (N.D. Cal. Aug. 22, 2008) ................. 6

*In re Enron Corp., Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002)...................................................................................... 3

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................................... 7

*Foster v. Maxwell Techs., Inc.*,
   No. 13-cv-00580-BEN-RBB, et al., 2013 U.S. Dist. LEXIS 154538 (S.D. Cal. Oct. 24,
   2013) ........................................................................................................................... 6

*Gelt Trading v. Co-Diagnostics, Inc.*,
   No. 2:20-cv-00368-JNP-DBP, 2021 U.S. Dist. LEXIS 45963 (D. Utah Mar. 10, 2021)......... 9

*Hall v. Medicis Pharm. Corp.*,
   No. CV-08-1821-PHX-GMS, et al., 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 11,
   2009) ........................................................................................................................... 7

*Hessefort v. Super Micro Computer, Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ............................................................................ 7

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016)............................................................................... 6

*Maliarov v. Eros Int'l PLC*,
   No. 15-CV-8956 (AJN), et al., 2016 U.S. Dist. LEXIS 46082 (S.D.N.Y. Apr. 5, 2016)... 5, 10

*Marcus v. J.C. Penney Co.,*
No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529 (E.D. Tex. Feb. 28, 2014) ........................ 5

*Marcus v. J.C. Penney Co.,*
No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529 (E.D. Tex. Feb. 28, 2014) ........................ 5

*Marjanian v. Allied Nev. Gold Corp.,*
No. 3:14-cv-0175-LRH-WGC, 2015 U.S. Dist. LEXIS 2782 (D. Nev. Jan. 8, 2015) ......... 3, 6

*Police & Fire Ret. Sys. of Detroit v. SafeNet, Inc.,*
No. 06 Civ. 5797 (PAC), 2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007) ................ 7

*Ragan v. Appharvest, Inc.,*
21-cv-7985 (LJL), 2021 U.S. Dist. LEXIS 238168 (S.D.N.Y. Dec. 13, 2021) .................... 8, 9

*Sallustro v. CannaVest,*
93 F. Supp. 3d 265 (S.D.N.Y. 2015) ......................................................................................... 5

*Schueneman v. Arena Pharm., Inc.,*
No. 10cv1959 BTM(BLM), 2011 U.S. Dist. LEXIS 87373 (S.D. Cal. Aug. 8, 2011) ............ 5

*Stein v. Match Grp., Inc.,*
No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995 (N.D. Tex. 2016) ...................................... 3

*TDH Partners. LLP v. Ryland Group, Inc.,*
3:04-CV-0073-B, 2006 U.S. Dist. LEXIS 36084 (N.D. Tex. June 2, 2006) ............................ 7

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.,*
95 F. Supp. 3d 607 (S.D.N.Y. 2015) ......................................................................................... 9

*Villare v. Abiomed, Inc.,*
19 Civ. 7319 (ER), et al., 2020 U.S. Dist. LEXIS 114684 (S.D.N.Y. June 29, 2020) ......... 1, 8

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................................................... 10

## I.      PRELIMINARY STATEMENT

The Court requested supplemental briefing on "the issues of the correct class period and the parties' respective recoverable losses." Dkt. No. 24, p. 2. The first two complaints filed in this action, *i.e.*, the *Shim* and *Link* actions, asserted a class period of March 10, 2023 through May 31, 2023, inclusive. A third complaint, the *Cody* action filed a mere two business days before the expiration of the 60-day lead plaintiff deadline, asserted a class period of August 2, 2022 through June 1, 2023, inclusive. As explained below, the shorter class period asserted in the *Shim* and *Link* actions is the correct one but, under either scenario, movant Jason S. Hawke possesses the "largest financial interest" in the outcome of the Actions. Mr. Hawke's motion for lead plaintiff should therefore be granted in its entirety.

The initial two complaints, the *Shim* and *Link* complaints, alleged a class period of March 10, 2023 to May 31, 2023, inclusive; the *Cody* complaint extended the class period back by over seven months to begin on August 2, 2022. While financial interests at the lead plaintiff stage may be assessed under the most inclusive class period, "numerous courts have cautioned that blindly accepting the longest class period without any inquiry may encourage attempts by potential lead plaintiffs to manipulate the class period so that they have the largest financial interest." *Villare v. Abiomed, Inc.*, 19 Civ. 7319 (ER), et al., 2020 U.S. Dist. LEXIS 114684, at *9 (S.D.N.Y. June 29, 2020). Based on the allegations in the *Cody* complaint, it is clearly improper and nothing more than an attempt to artificially inflate the Freedom and Life Trusts' "financial interest."

This conclusion is supported by the fact that based on the face of all three complaints, the alleged theory of fraud cannot extend back in time to August 2022. Investors sustained losses when DZS announced it was restating its financial statements for the first quarter of 2023 due to an accounting error that occurred in the first quarter of 2023. *See Shim* Complaint at ¶ 26; *Link* Complaint at ¶ 25; *Cody* Complaint at ¶ 29. Defendants cannot be liable for lying about accounting

misconduct before that misconduct even occurred. Thus, based on the allegations presently before the Court, the fraud could not have begun prior to January 2023.

Gamesmanship is clearly afoot. The plaintiff in the *Cody* action is represented by Scott + Scott, Attorneys at Law LLP and the Schall Law Firm. These firms also represent the Freedom and Life Trusts movants. The trusts purchased 110,622 shares between October 13, 2022 and October 21, 2022, which was outside of the initial class periods alleged in the *Shim* and *Link* actions. But for the commencement of the *Cody* action with the extended class period, the trusts "financial interest" in the litigation would have been limited to losses they incurred on only 200 shares.

Regardless of which class period is legally correct, Mr. Hawke indisputably possesses the largest financial interest under both scenarios. In the Fifth Circuit, courts rely on the *Lax/Olsten* factors when evaluating "financial interests" at the lead plaintiff stage. These factors consider the number of shares purchased by the movants, the amount of money spent on the shares, the number of shares held through the end of the class period, and the movants' approximate recoverable loss under the securities laws. Mr. Hawke's "financial interest" under these factors, using either class period, is larger than the Freedom and Life Trusts' interest in the action. Using the class period alleged in the *Shim* and *Link* complaints, Mr. Hawke's recoverable loss is over $235,000; and using the class period alleged in the *Cody* complaint, his recoverable loss is approximately $533,866. Meanwhile, the Freedom and Life Trusts' recoverable loss under the *Shim* and *Link* class period is $0 and, under the *Cody* class period, $317,805.91. Accordingly, even if the Court were to consider the class period alleged in the *Cody* action, Mr. Hawke still has the larger "financial interest" in the action and should, therefore, be appointed lead plaintiff.

## II.   ARGUMENT

### A.   Jason S. Hawke Possesses a Greater Recoverable Loss Under Both of the Alleged Class Periods.

Under either of the proposed Class Periods in the above-captioned actions, Mr. Hawke maintains the "largest financial interest" out of all movants. Courts throughout the Fifth Circuit rely on the *Lax/Olsten* factors when evaluating "financial interests" at the lead plaintiff stage. These factors are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Stein v. Match Grp., Inc.,* No. 3:16-cv-549-L, 2016 U.S. Dist. LEXIS 74995, at *11 (N.D. Tex. 2016); *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009); *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 440 (S.D. Tex. 2002); *see also Brody v. Zix Corp.*, Civil Action No. 3:04-CV-1931-K, 2005 U.S. Dist. LEXIS 13871, at *5-6 (N.D. Tex. 2005) (listing four factors and then focusing on the approximate losses of the movants). Importantly, when considering the "approximate losses suffered by the plaintiffs" (*i.e.*, the fourth *Lax/Olsten* factor), only "recoverable" losses under the federal securities laws qualify. *See*, *e.g.*, *Marjanian v. Allied Nev. Gold Corp.*, No. 3:14-cv-0175-LRH-WGC, 2015 U.S. Dist. LEXIS 2782, at *13 (D. Nev. Jan. 8, 2015) ("To determine which plaintiff has the largest financial stake, courts consider the 'recoverable damages' of each party pursuant to *Dura Pharmaceuticals*"); *see also Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005).

Currently on file are three complaints alleging two different class periods. The first two complaints, filed by Plaintiffs Shim and Link, allege class periods of March 10, 2023 to May 31, 2023, inclusive. The third complaint, filed by Plaintiff Cody a mere two business days before the PSLRA deadline for lead plaintiff motions, alleges a class period of August 2, 2022 to June 1, 2023, inclusive. As illustrated below, Mr. Hawke possesses the "largest financial interest" in the

3

Actions under the *Lax*/*Olsten* factors no matter which class period the Court applies. In fact, in no scenario does the Freedom and Life Trusts ever possess a larger financial interest than Mr. Hawke – even if the Court was to reject the "recoverable losses" methodology (it should not).

### *Initial Class Period – March 10, 2023 to May 31, 2023, Inclusive.*

The following table provides the respective movants' "financial interests" in the litigation under the *Lax*/*Olsten* factors for the class period pleaded by Plaintiffs Shim and Link:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Funds Expended | Recoverable Losses |
|---|---|---|---|---|
| Jason S. Hawke | 63,001 | 63,001 | $466,529.34 | $235,266.26 |
| Freedom Business Trust / The Life Trust | 200 | 0 | ($216,089.93) (Gain from shares sold) | $0 |

*See* ECF No. 16-2 at p. 6, Exhibit A to Supplemental Declaration of Thane Tyler Sponsel III, (providing calculations for movants under initial class period). The chart shows that Mr. Hawke's "financial interest" is larger than any other movant under all the *Lax*/*Olsten* factors. The chart also evidences that the Freedom and Life Trusts were ***not*** class members under the initial class period, as they did not incur any losses. Although one of the Trusts bought 200 shares during the initial class period, the Trusts ended up making a profit from selling 33,641 shares of DZS stock at artificially inflated prices and making over $216,000.

### *Expanded Class Period – August 2, 2022 to June 1, 2023, Inclusive.*

The following table provides the respective movant's "financial interests" in the litigation under the *Lax*/*Olsten* factors for the class period pleaded by Plaintiff Cody, only two business days before the PSLRA deadline.

Even if the Court were inclined to adopt the expanded class period (which it should not, as further explained below), Mr. Hawke still possesses the "largest financial interest" under all the *Lax*/*Olsten* factors, as illustrated in the following table:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Funds Expended | Claimed Loss | Recoverable Losses |
|---|---|---|---|---|---|
| Jason S. Hawke | 158,100 | 158,100 | $1,113,745.36 | $533,866.18 | $533,866.18 |
| Freedom Business Trust / The Life Trust | 110,822 | 38,981 | $676,202.51 | $533,270.10 | $317,805.91 |

*See* ECF No. 16-3 at pp. 7-14, Exhibit B to Supplemental Declaration of Thane Tyler Sponsel III, (providing calculations for movants under expanded class period).

As evidenced in the above chart for the expanded Class Period, the Freedom and Life Trust claims to have lost $533,270.10, a loss that is still less than Mr Hawke's loss. ECF No. 14-5, p. 18. But the loss figure they rely upon does not accurately reflect their "***recoverable losses***" under the securities laws, as required. *See Marcus v. J.C. Penney Co.,* No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *12-13 (E.D. Tex. Feb. 28, 2014) (considering the *Dura* method when analyzing movant's financial interest); *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), et al., 2016 U.S. Dist. LEXIS 46082, at *12 (S.D.N.Y. Apr. 5, 2016) ("recoverable losses" determined by "facts alleged in the complaint"); *Sallustro v. CannaVest*, 93 F. Supp. 3d 265, 275 (S.D.N.Y. 2015) ("*Dura* [and its progeny] . . . require a court to make pre-discovery loss causation determinations . . . that are based on the facts alleged in the complaint"); *Schueneman v. Arena Pharm., Inc.*, No. 10cv1959 BTM(BLM), 2011 U.S. Dist. LEXIS 87373, at *1 (S.D. Cal. Aug. 8, 2011) ("it makes sense to disregard any gains or losses resulting from stock trades before the truth was disclosed.").

In all three complaints, including the *Cody* complaint that was drafted and filed by the Business and Freedom Trusts' counsel, the ***only*** corrective disclosure alleged is the one occurring on June 1, 2023 prior to the market opening, when DZS announced it would restate its financial reports for the three-month period ended March 31, 2023. *See Shim* Complaint at ¶ 26; *Link* Complaint at ¶ 25; *Cody* Complaint at ¶ 29. The Freedom and Life Trusts sold the vast majority of their shares prior to this corrective disclosure; in fact, out of the 110,822 shares they collectively

purchased, they sold over 70,000 of the shares *before* the corrective disclosure. Thus, the $215,464.19 in losses the Trusts sustained from selling those 70,000 shares *before* the corrective disclosure are entirely *unrecoverable* and should not have been included in their "financial interest" analysis. *See, e.g., Marjanian*, 2015 U.S. Dist. LEXIS 2782, at *13 ("To determine which plaintiff has the largest financial stake, courts consider the 'recoverable damages' of each party pursuant to *Dura Pharmaceuticals*"). Therefore, the notion that Mr. Hawke and the Freedom and Life Trusts sustained a similar sized loss is not true.

Dura* was decided over eighteen years ago and courts in nearly every jurisdiction across the country have adopted *Dura* principles in one form or another, concluding that if "the purchaser sells the shares . . . *before* the relevant truth begins to leak out, the misrepresentation *will not have led to any loss*." *Dura*, 544 U.S. at 342 (emphasis added); *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 476 (S.D.N.Y. 2016) ("[I]n evaluating financial loss, courts must consider only those losses proximately caused by the defendant's misrepresentations or other fraudulent conduct."); *Eichenholtz v. Verifone Holdings, Inc.,* No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *11 (N.D. Cal. Aug. 22, 2008) ("loss causation can only be demonstrated with respect to shares retained as of the date of the corrective disclosure") (emphasis added); *Foster v. Maxwell Techs., Inc.,* No. 13-cv-00580-BEN-RBB, et al., 2013 U.S. Dist. LEXIS 154538, at *10 (S.D. Cal. Oct. 24, 2013) ("The misrepresentation does not lead to a loss if the purchaser sells the shares before the truth is revealed.") (emphasis added). The Freedom and Life Trusts should not be allowed to claim losses that will no doubt be excluded later in the litigation, in an attempt to secure a spot as lead plaintiff.

Notwithstanding the fact that Courts have consistently applied *Dura* principles at the lead plaintiff stage, if the court here were to reject *Dura* principles at this stage (it should not), Mr.

Hawke's claimed loss of $533,866.18 is still larger than the Trusts' claimed loss of $533,270.10 Although the loss difference is admittedly small, "any financial difference is meaningful in determining a lead plaintiff." *Hessefort v. Super Micro Computer, Inc.,* 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (rejecting movant's contention "that the difference in losses is *de minimis* and therefore should not control the selection of lead plaintiff"); *Hall v. Medicis Pharm. Corp.,* No. CV-08-1821-PHX-GMS, et al., 2009 U.S. Dist. LEXIS 24093, at *19 (D. Ariz. Mar. 11, 2009) ("[T]he Court cannot rely on the fact that the difference between Steamfitters and Rand is only a few hundred dollars. Rand has a greater financial stake in the controversy, however minute that greater stake may be in relation to the overall damage claim."); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) ("Although the Massachusetts Group concludes that the 'de minimus' difference of $26,000 should not be conclusive on the financial interest determination, the Ninth Circuit has given no indication that courts are free to ignore the statutory presumption given to the plaintiff with the 'largest financial interest in the relief sought by the class.'"). This is particularly true when all other *Olsten/Lax* factors greatly weigh in favor of one movant, as they do here, as Mr. Hawke possesses a larger financial interest under every other factor by a wide margin. *See TDH Partners. LLP v. Ryland Group, Inc.*, 3:04-CV-0073-B, 2006 U.S. Dist. LEXIS 36084, at *32 (N.D. Tex. June 2, 2006) (considering Lax factors "as a whole" before appointing Lead Plaintiff); *Zix Corp.*, 2005 U.S. Dist. LEXIS 13871, at *5 (appointing Lead Plaintiff after "looking at all four factors"); *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,* 17 CV 1677, 1958, et al., 2017 U.S. Dist. LEXIS 199868, at *9 (N.D. Ohio Dec. 4, 2017) ("[T]he Court finds that the difference in the approximate losses does not overcome the combined weight of the first three factors"); *Police & Fire Ret. Sys. of Detroit v. SafeNet, Inc.,* No. 06 Civ. 5797 (PAC), 2007 U.S. Dist. LEXIS 97959, at *6 (S.D.N.Y. Feb. 21, 2007) ("Indeed, some courts have

7

held that "losses" may be more relevant to this determination than the other *Lax* factors…The very slight difference, however, between the [movants] losses [] is only 2% [and] cannot dictate such an important result"). Accordingly, there is no dispute that Mr. Hawke possesses the largest financial interest under either class period.

### B. The Class Period Proposed in the *Cody* Complaint Is Implausible and "Obviously Frivolous".

As discussed in Mr. Hawke's opposition and reply briefs, Plaintiff Cody, represented by the Freedom and Life Trusts' counsel, filed a new complaint two business days prior to the lead plaintiff deadline, expanding the initial class period back by over seven months. Although class periods can be extended, courts will not consider expanded class periods when they appear to be "frivolous" or the result of "gamesmanship." *See Villare*, 2020 U.S. Dist. LEXIS 114684, at *11-13 ("numerous courts have cautioned that blindly accepting the longest class period without any inquiry may encourage attempts by potential lead plaintiffs to manipulate the class period so that they have the largest financial interest."); *see also Ragan v. Appharvest, Inc.*, 21-cv-7985 (LJL), 2021 U.S. Dist. LEXIS 238168, at *19 n.4 (S.D.N.Y. Dec. 13, 2021) (rejecting expanded class period where complaint was filed "day before the lead plaintiff motions were due" and appeared to be product of "gamesmanship").

An extended class period that is wholly implausible from the face of the complaint should not be adopted as the governing class period for purposes of determining the movant with the largest financial interest in the litigation. *In re Centerline Holding Co. Sec. Litig.,* 08 Civ. 505 (SAS), et al., 2008 U.S. Dist. LEXIS 36406, at *12 (S.D.N.Y. May 5, 2008). Further, an expanded class period that is "obviously frivolous" should not be adopted at the lead plaintiff stage as "potential lead plaintiffs would be encouraged to manipulate the class period so they had the

largest financial interest." *Gelt Trading v. Co-Diagnostics, Inc.,* No. 2:20-cv-00368-JNP-DBP, 2021 U.S. Dist. LEXIS 45963, at *11-13 (D. Utah Mar. 10, 2021).

In this instance, the class period proposed in the *Cody* complaint is implausible and obviously frivolous, given that the only reason to expand the class period "appears to be to qualify [the Trusts] to act as lead plaintiff." *Ragan*, 2021 U.S. Dist. LEXIS 238168, at *19 n.4. First, the corrective disclosure cited in all three complaints occurred on June 1, 2023 prior to the market opening, when DZS announced it was going to restate its financial reports for the three-month period ended March 31, 2023. The restatement was necessitated by "an accounting error relating to the timing of revenue recognition with respect to two customer projects" that occurred in the first quarter of 2023. *See Shim* Complaint at ¶ 26; *Link* Complaint at ¶ 25; *Cody* Complaint at ¶ 29. These accounting errors did not exist prior to the first quarter and, therefore, there can be no fraudulent statements about their existence prior to that point in time.

Based on the corrective disclosure presently before the Court, the alleged fraud could not have existed prior to the first quarter of 2023 (which started on January 1, 2023). Thus, there is no logical reason to rely on a class period under the current allegations that begins on August 2, 2022.[1] As Judges Ramos and Liman concluded in *Villaire* and *Ragan*, respectively, gamesmanship to manipulate the class period is not tolerated nor rewarded. "The specter of gamesmanship on these

---

[1] The *Shim* and *Link* class periods begin on March 10, 2023 with the filing of DZS's annual report for fiscal 2022. The annual report states, in pertinent part, that DZS both identified and corrected a material weakness in its internal controls over financial reporting prior to issuance of the annual report. *See Shim* Complaint at ¶ 26; *Link* Complaint at ¶ 25; *Cody* Complaint at ¶ 29. This material weakness is entirely unrelated to the "accounting error" that allegedly caused investors losses in this action. None of the three complaints on file purport to link the "accounting error" in the corrective disclosure with the internal control issue mentioned in the annual report. Thus, the Trusts cannot rely on the internal control issue now to substantiate their expanded class period. *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 617-619 (S.D.N.Y. 2015) (refusing to consider argument premised on unpled "partial disclosure").

facts causes the Court to question whether [the Life and Freedom Trusts] will 'fairly and adequately protect the interests of the class.'" *Maliarov,* 2016 U.S. Dist. LEXIS 46082, at *12 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)).

## III.    CONCLUSION

For the foregoing reasons, Mr. Hawke respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Mr. Hawke as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class and Sponsel Miller as Liaison Counsel, and (4) granting such other relief as the Court may deem just and proper.

Dated: November 8, 2023                    Respectfully submitted,

**SPONSEL MILLER GREENBERG PLLC**

 */s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Texas Bar No. 24056361/Federal ID No. 690068
Roger B. Greenberg
Texas Bar No. 08390000/Federal ID No. 3932
50 Briar Hollow Lane, Suite 370 W
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile: (713) 892-5401
sponsel@smglawgroup.com
roger@smglawgroup.com

*Liaison Counsel for Jason S. Hawke and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jason S. Hawke and Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 8, 2023, I electronically filed the foregoing document

with the Clerk of the Court CM/ECF.


/s/ Thane Tyler Sponsel III
Thane Tyler Sponsel III