EXECUTION VERSION

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE DZS INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTION | § § § § § § § § § | CIVIL NO. 4:23-CV-549-SDJ<br>MASTER DOCKET |

---

**STIPULATION OF SETTLEMENT**

---

This Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of February 25, 2026 which is entered into by and among Court-appointed Lead Plaintiff Jason Hawke ("Plaintiff"), on behalf of himself and all Class Members, and Defendants Charles Daniel Vogt and Misty Kawecki ("Defendants," and together with Plaintiff, the "Parties" and each a "Party"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Parties and is intended by the Parties to fully and finally release, resolve, remise, and discharge Released Plaintiffs' Claims as against Released Defendants' Parties and Released Defendants' Claims against Released Plaintiffs' Parties (all as defined herein), subject to the approval of the United States District Court for the Eastern District of Texas (the "Court") and the other conditions herein.

WHEREAS, the initial complaint in the above-captioned action (this "Action") was filed on June 14, 2023 (ECF No. 1) by Plaintiff Jason Shim against DZS Inc. ("DZS") and Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act");

WHEREAS, on June 27, 2023, and August 9, 2023, additional complaints asserting

substantially similar causes of action were filed thereafter, styled *Link v. DZS Inc., et al.*, No. 4:23-cv-00603 (E.D. Tex.), and *Cody v. DZS Inc., et al.*, No. 4:23-cv-00713 (E.D. Tex.), respectively;

WHEREAS, on August 14, 2023, counsel for Plaintiff filed a motion to consolidate the actions and for an order appointing lead plaintiff and lead counsel (ECF No. 12).  On September 12, 2023, the Court consolidated the actions (ECF No. 22) and, on February 26, 2025, granted Plaintiff's motion to appoint him as lead plaintiff and his counsel, Levi & Korsinsky, LLP, as Lead Counsel (ECF No. 32);

WHEREAS, on March 19, 2025, DZS filed a Suggestion of Bankruptcy after commencing bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court"), Case No. 4:25-bk-40712 (the "Bankruptcy Action") (ECF No. 37);

WHEREAS, on May 30, 2025, Plaintiff voluntarily dismissed DZS in response to the Bankruptcy Action while agreeing with Defendants that the Action may proceed without violating 11 U.S.C. §362(a), subject to the Bankruptcy Action's approval of a request to modify the Bankruptcy Code's automatic stay provision, to the extent applicable, to allow payment, reimbursement, and or advancement or defense costs under certain applicable insurance policies (ECF No. 44);

WHEREAS, on June 24, 2025, Bankruptcy Judge Brenda T. Rhoades issued an order modifying the automatic stay, to the extent applicable, to allow payment, reimbursement, and or advancement or defense costs under certain applicable insurance policies, permitting the Parties to proceed with the action (Bankruptcy Action ECF No. 164, "Bankruptcy Court Insurance Policy Order"; ECF No. 45);

WHEREAS, on August 11, 2025, Plaintiff filed an amended complaint against Defendants (the "Amended Complaint") (ECF No. 48);

WHEREAS, on October 10, 2025, Defendants moved to dismiss the Amended Complaint (ECF No. 49), which Plaintiff opposed on November 10, 2025 (ECF No. 50), and which Defendants filed their reply brief in support of on December 10, 2025 (ECF No. 51);

WHEREAS, on December 15, 2025, after completing briefing on Defendants' motion to dismiss, the Parties mediated before an experienced mediator familiar with securities class actions, David Murphy of Phillips ADR Enterprises.  The mediation ultimately succeeded after the Parties received and accepted a recommendation from Mr. Murphy to settle the Action for a cash payment of $2,900,000, subject to the negotiation of the terms of a stipulation of settlement, approval of the Bankruptcy Court as described in Section II below, and approval of the Settlement by the Court;

WHEREAS, Plaintiff believes that the claims asserted in the Action have merit and that the evidence of the underlying events and transactions alleged in the Amended Complaint would support their claims.  Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense and length of continued prosecution of the Action through trial and any subsequent appeals.  Plaintiff and his counsel also have taken into account the uncertain outcome and risks of any litigation, including risk of collecting upon a judgment, and believe that the settlement as set forth in this Stipulation confers substantial benefits upon the Class (defined in Section I([H]) below).  Based on their evaluation, Plaintiff and his counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation; and

WHEREAS, throughout this Action Defendants have denied, and continue to deny, any and all allegations of wrongdoing, liability, fault, or damage whatsoever arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.

Specifically, Defendants have denied, and continue to deny, that they have committed any act or made any materially misleading statement giving rise to any liability under any applicable law, and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.  Defendants also have denied, and continue to deny, that they made any material misrepresentation or omission or engaged in any fraudulent or wrongful conduct; that the price of DZS securities was artificially inflated at any time as a result; that any Class Member, including Plaintiff, suffered any damages; or that any Class Member, including Plaintiff, was harmed by any conduct alleged or that could have been alleged in the Action.  Defendants also recognize the expense, risks and uncertainty inherent in any litigation, and desire to settle the claims against them so as to avoid the uncertainty, burden, and expense of further litigation.  Defendants therefore believe that it is desirable to secure releases to the fullest extent permitted by law and fully and finally resolve the Action in the manner and upon the terms and conditions set forth in this Stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties through their undersigned counsel that, subject to the approval of the Court and other conditions described herein, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Plaintiffs' Claims and Released Defendants' Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed fully, finally and with prejudice and all Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

## I.    Definitions

A.    "Authorized Claimant" means any Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

B.    "Attorney Fee Award" means (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

C.    "Award to Plaintiff" means a request for reimbursement to Plaintiff for his reasonable costs and expenses (including lost wages) directly related to Plaintiff's representation of the putative class and Class in the Action.

D.    "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of Texas.

E.    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

F.    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action, and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or

unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

G.    "Claims Administrator" means Angeion Group.

H.    "Class" means all persons who purchased or otherwise acquired DZS common stock between May 4, 2022 to November 9, 2023, both dates inclusive (the "Class Period"). Excluded from the Class are (i) Defendants and members of their immediate families; (ii) DASAN Networks, Inc. ("DNI"); (iii) the officers and directors of DZS and DNI during the Class Period, and their immediate families; (iv) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (v) any entity in which any Defendant or DNI has or had a controlling interest. Also excluded from the Class is any person who or which submits a request for exclusion from the Class that is accepted by the Court.

I.    "Class Counsel" means Lead Counsel Levi & Korsinsky, LLP.

J.    "Class Members" means all persons or entities who are members of the Class as defined in Section I(H).

K.    "DZS" means DZS Inc. and any entity that owns and/or controls DZS.

L.    "Effective Date" means the date on which all of the conditions to the Settlement, set forth in Section X(A), are satisfied.

M.    "Escrow Account" means an interest-bearing account maintained by the Escrow Agent (as defined below).

N.    "Escrow Agent" means Esquire Bank.

O.    "Final" when referring to the Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Judgment, and (ii) if an appeal or request for review is filed, the

day after the date the last-taken appeal or request for review is dismissed, or the Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses or to the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement or affect its terms, including the Released Claims in Section I(Y), or shall affect or delay the date on which the Judgment becomes Final.

P.      "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, substantially in the form attached hereto as Exhibit B.

Q.      "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," substantially in the form attached hereto as Exhibit A-1.

R.      "Notice and Administration Account" means an account established and administered by the Claims Administrator to be used for the payment of Settlement Administration Costs.

S.      "Person" means any individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, assignees, or assigns.

T.      "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Settlement Administrative Costs, Taxes and Tax Expenses,

7

and such Attorney Fee Award as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and Defendants shall have no responsibility or liability with respect thereto.

U.      "Postcard Notice" means the postcard form of notice directing Class Members to a settlement website for full Notice and other relevant documents, substantially in the form attached hereto as Exhibit A-4.

V.      "Preliminary Approval Order" means the order preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form attached hereto as Exhibit A.

W.      "Proof of Claim" means the Proof of Claim and Release to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

X.      "Released Claims" means Released Plaintiffs' Claims and Released Defendants' Claims, including Unknown Claims.

Y.      "Released Defendants' Claims" means the release by Defendants, upon the Effective Date, as against Released Plaintiffs' Parties (as defined herein), of all Claims and causes of action of every nature and description, whether known Claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Claims asserted in the Action against Defendants. Released Defendants' Claims shall not include any Claims relating to the enforcement of the settlement or any Claims by Defendants for insurance coverage.

Z.      "Released Defendants' Parties" means (i) each of the Defendants; (ii) the family members of the Defendants; (iii) DZS and direct or indirect parent entities, direct or indirect subsidiaries, related entities, and affiliates of DZS; (iv) any trust of which any Defendant is the

8

settlor or which is for the benefit of any Defendant and/or his or her family members; (v) for any of the Persons listed in parts (i) through (iv), as applicable, their respective past, present, or future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trusts, trustees, trustors, agents, attorneys, predecessors, successors, assigns, assignees, heirs, executors, administrators, estates, or any controlling person thereof; and (vi) any entity in which any Defendant has a controlling interest; all in their capacities as such.

AA.    "Released Plaintiffs' Claims" means the release, upon the Effective Date, by (i) Plaintiff and all Class Members, together with (ii) each of their respective family members; (iii) their direct or indirect parent entities, direct or indirect subsidiaries, related entities, and affiliates; (iv) any trust of which they are the settlor or which is for the benefit of his, her, or their family members; and (v), for any of the Persons listed in parts (i) through (iv), their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof in their capacities as such (each of the foregoing, a "Releasing Plaintiffs' Party"), as against Released Defendants' Parties, all Claims, including Unknown Claims, that Plaintiff, any other member of the Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Amended Complaint or any previous complaint in the Action; (ii) could have asserted in any forum that arise out of or are based upon or are in connection with any of the allegations, acts, transactions, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions involved, set forth, or

9

referred to in the Amended Complaint or any previous complaint in the Action; or (iii) that relate to the purchase or other acquisition of DZS common stock. Released Plaintiffs' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

BB.    "Released Plaintiffs' Parties" means (i) Plaintiff, all Class Members, and Plaintiff's counsel, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof, all in their capacities as such.

CC.    "Settlement" means the resolution of this Action in accordance with the terms and provisions of this Stipulation.

DD.    "Settlement Administration Costs" means all costs and expenses associated with providing notice of the Settlement to the Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: the costs of publishing the Summary Notice, the costs of printing and mailing the Postcard Notice and/or Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in Section III(A)) to the Authorized Claimants. Such costs do not include any Attorney Fee Award.

EE.    "Settlement Amount" means the cash sum of $2,900,000.00 (Two Million Nine Hundred Thousand U.S. Dollars).

10

FF.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

GG.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

HH.    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-3.

II.    "Unknown Claims" means and includes any and all Claims that Plaintiff and Class Members (with respect to Released Plaintiffs' Claims) or Defendants (with respect to Released Defendants' Claims) do not know or suspect to exist at the time of the release. This includes Claims which, if known, might have affected the Settlement and Released Plaintiffs' Claims and Released Defendants' Claims, including the decision of any Class Member to object or not to object to, or to submit or not submit any request for exclusion from, this Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

Plaintiff, Class Members, and Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those known or believed to be true with respect to the

11

subject matter of Released Plaintiffs' Claims or Released Defendants' Claims, but they expressly, fully, finally, and forever settle and release, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and each releasing party hereunder by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

## II.     Settlement Consideration

A.     Subject to Bankruptcy Court Approval, in consideration of the settlement of the claims asserted in the Action and the full and final releases specified in this Stipulation, Defendants agree to cause to be paid by their insurers a total of $2,900,000 in cash to settle the Action, as further described in this paragraph.  The Settlement Amount shall be paid into an interest-bearing Escrow Account established for the settlement controlled by Class Counsel, subject to the authority of the Court, within thirty (30) days after the later of: (1) the Court's entry of an order preliminarily approving the Settlement; and (2) Plaintiff's counsel providing to Defendants' counsel a Form W-9 and wire transfer instructions in the form requested by Defendants' insurers.

B.     With the sole exception of Defendants' obligation to cause their insurers obligation to pay the Settlement Amount into the Escrow Account as provided for in Section II(A), the Released Defendants' Parties shall have no obligation to pay, or cause payment of, any other payment in connection with the Settlement, including, but not limited to, (i) any other payments into the Escrow Account;  (ii) any other payments to any Class Members; or (iii) any Attorney Fee Award.

C.      The Bankruptcy Court Insurance Policy Order requires that Defendants seek further relief from the Bankruptcy Court for any proposed use of proceeds of certain insurance policies to pay settlement amounts.  The Parties' agreement to this Stipulation is subject to the Bankruptcy Court's approval of Defendants' proposed use of proceeds from those same insurance policies to pay the full Settlement Amount (such final and non-appealable approval, the "Bankruptcy Court Approval").  Defendants will seek such approval within thirty (30) days of execution of this Stipulation and Plaintiff will provide any reasonable assistance.

### III.     The Escrow Account & Use of the Settlement Fund

A.      The Settlement Fund, including any interest earned thereon net of any taxes on the income thereof, shall be used to pay: (i) any Attorney Fee Award; (ii) taxes and tax expenses; and (iii) Settlement Administration Costs.  The balance of the Escrow Account shall be the Net Settlement Fund and shall be distributed to the Authorized Claimants as set forth in the Plan of Allocation.  Plaintiff and Class Members shall look solely to the Net Settlement Fund for any payments under this Settlement.

B.      All funds and instruments held by the Escrow Agent shall be deemed *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further orders of the Court.

C.      The Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States

Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

D.  Prior to the Effective Date, the Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by order of the Court, or with the prior written agreement of Class Counsel and Defendants' counsel.

E.  After the Effective Date, Defendants shall have no interest in the Settlement Fund or in the Net Settlement Fund.

F.  The Escrow Agent shall be authorized to execute only such transactions as are consistent with the terms of this Stipulation and the order(s) of the Court.

## IV.  The Notice and Administration Account

A.  The Claims Administrator shall establish and administer the Notice and Administration Account.  The Notice and Administration Account shall be established using funds in the Settlement Fund and shall be used only for the payment of necessary and reasonable Settlement Administration Costs.

B.  Subject to the Court's approval, and notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, the Parties agree that the Escrow Agent is authorized to transfer up to $250,000.00 from the Settlement Fund to the Notice and Administration Account for Settlement Administration Costs.  No further amounts may be transferred prior to the Effective Date except by Court order.

C.  Plaintiff, Class Counsel, Defendants, and Defendants' counsel shall not bear any liability for Settlement Administration Costs.

D.  The Released Defendants' Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel or

14

the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund or Notice and Administration Account; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account or Notice and Administration Account, or the filing of any federal, state, or local returns.

## V.      Preliminary Approval Order

A.      The Parties shall submit this Stipulation together with its Exhibits to the Court, and Plaintiff shall apply for entry of a Preliminary Approval Order substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement as set forth in the Stipulation, preliminary certification of the Class for settlement purposes only, and approval of forms of notice to be mailed or emailed to all potential Class Members who can be identified with reasonable effort (the Postcard Notice and the Notice) and to be published (the Summary Notice), substantially in the forms and contents of Exhibits A-1, A-3, and A-4 hereto. The Notice shall include a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, the general terms of the Settlement set forth in the Stipulation and shall set forth the procedure by which Persons who otherwise would be members of the Class may request to be excluded from the Class.

B.      Plaintiff shall request that, after the Postcard Notice and Notice have been mailed and emailed and the Summary Notice published, in accordance with this Stipulation, the Court

hold the Settlement Hearing and finally approve the settlement of the Action with respect to the Parties.

C.      Plaintiff will file for entry of a Preliminary Approval Order with the Court within fifteen (15) calendar days after Defendants receive Bankruptcy Court Approval.

## VI.      Final Approval of the Settlement

A.      Plaintiff shall move consistent with the schedule to be set by the Court for final approval of the Settlement, including entry of the Judgment, as defined herein.  At the Settlement Hearing, the Parties shall jointly request entry of the Judgment.

B.      In the Judgment, the Class shall be certified for purposes of this Settlement only, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification. For purposes of this Settlement only, in connection with the Judgment, Defendants shall consent to (i) the appointment of Plaintiff as class representative, (ii) the appointment of Levi & Korsinsky, LLP as Class Counsel, and (iii) the certification of the Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

## VII.      Attorneys' Fees and Expenses

A.      Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for the Attorney Fee Award.  Class Counsel reserves the right to make additional applications for expenses incurred, if necessary.

B.      Immediately after the Court enters an Attorney Fee Award, the amounts awarded by the Court shall be released from the Escrow Account and wired as directed by Class Counsel. These payments, plus accrued earnings at the same rate as is earned by the Settlement Fund, shall be subject to refund or repayment within thirty (30) days by Class Counsel if the Judgment does

16

not become Final, or if the Court or any appellate court enters an order reversing or reducing any Attorney Fee Award.

C.      The procedure for and allowance or disallowance by the Court of any application for an Attorney Fee Award are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal, reversal, or modification of the Attorney Fee Award shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

D.      Except as provided in Section II, Defendants shall have no responsibility for, or liability with respect to, any payment to Plaintiff, Class Members, Class Counsel or any other Plaintiff's counsel and/or any other Person who receives payment from the Settlement Fund, or the allocation among Class Counsel and/or any other Person who may assert some claim thereto, of any Fee Award that the Court may make in this litigation.

E.      Class Counsel may apply to the Court to authorize the payment of an Award to Plaintiff for the time and expenses expended by Plaintiff in assisting Class Counsel in the litigation of this Action.  Any Award to Plaintiff shall be payable after the Effective Date, and from the Settlement Fund only.

## VIII.   Administration of Net Settlement Fund

A.      Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim in the form annexed hereto as Exhibit A-2, signed under penalty of perjury by the beneficial owner(s) of the stock or by someone with documented authority to sign for the

beneficial owner(s), and supported by such documentation as specified in the instructions accompanying the Proof of Claim.

B.      All Proofs of Claim must be received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court.  Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund, but will in all other respects be subject to the provisions of this Stipulation and the Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action with prejudice.

C.      The Claims Administrator shall administer the Settlement subject to such approvals by the Court as circumstances may require.

D.      Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, in accordance with this Stipulation and the Plan of Allocation to be formulated by Class Counsel for approval by the Court, the extent, if any, to which each Claim shall be allowed, subject to appeal to the Court.

E.      The Claims Administrator shall administer and calculate the Claims submitted by Class Members, determine the extent to which Claims shall be allowed, and oversee distribution of the Net Settlement Fund subject to appeal to, and jurisdiction of, the Court.  Neither Class Counsel, its designees or agents, Plaintiff, Defendants' counsel, nor Defendants shall have any liability arising out of such determination.

F.      The administrative determination of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, with notice to the Defendants' counsel, for approval by the Court.

G.      Following the Effective Date and upon application to the Court by Class Counsel, the Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator. The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the terms of this Stipulation and a Plan of Allocation to be approved by the Court, subject to and in accordance with paragraphs G-P of this Section.

H.      Any such Plan of Allocation is not a part of this Stipulation and it is not a condition of this Settlement that any particular Plan of Allocation be approved.

I.      No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until after the Effective Date.

J.      Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Class Member.

K.      Except as otherwise ordered by the Court, all Class Members who fail timely to submit a Proof of Claim and Release within such period as may be ordered by the Court or otherwise allowed shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

L.      All Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice (as defined in Section V(A) above) shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Plaintiffs' Claims, regardless of whether such Persons seek or obtain by any means, including, without

19

limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.  Class Counsel shall provide to Defendants' counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible but in no event later than five (5) calendar days after receipt, and in any event at least fourteen (14) calendar days before the Settlement Hearing.

M.    Neither Defendants nor Defendants' counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.

N.    This is not a "claims made" settlement.  There will be no reversions to Defendants or their insurers.

O.    Defendants shall have no involvement in the solicitation or review of Proofs of Claim, or involvement in the administration process, which will be conducted by the Claims Administrator in accordance with this Stipulation.

P.    Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

Q.    No Person shall have any Claim against Plaintiff or Class Counsel, the Claims Administrator, Defendants, or Defendants' counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation or further orders of the Court.

## IX.    Tax Treatment

A.    The Parties, their counsel, the Court, and the Escrow Agent shall treat the Escrow Account as being at all times a "qualified settlement fund" within the meaning of Treas. Reg.

§ 1.468B-1 for all periods on and after the date the Court enters the Preliminary Approval Order. The Parties, their counsel, the Court, and the Escrow Agent agree to take no action inconsistent with the treatment of the Escrow Account in such manner.   In addition, the Claims Administrator and Escrow Agent shall make the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Escrow Account being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.

B.        For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) timely and properly satisfying any information reporting or withholding requirements imposed on distributions from the Escrow Account, and (iii) timely and properly filing or causing to be filed on a timely basis, all federal, state, local and foreign tax returns and other tax related statements necessary or advisable with respect to the Escrow Account (including, without limitation, all income tax returns, all informational returns, and all returns described in Treas. Reg. § 1.468B-2(1)), and (iv) timely and properly paying any taxes imposed on the Escrow Account.  Such returns and statements (as well as the election described in IX.A hereof) shall be consistent with this IX.B and in all events shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Escrow Account shall be paid out of the Escrow Account as provided in Section IX(C) hereof.

21

C.      All (i) taxes arising with respect to the income earned by the Escrow Account and (ii) tax expenses shall be paid out of the Escrow Account.  Further, taxes and the tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be deducted or withheld under Treas. Reg. § 1.468B-2(1)(2)). Plaintiff and their tax attorneys and accountants shall to the extent reasonably necessary carry out the provisions of paragraphs A-C of this Section.

D.      Defendants shall have no responsibility to make any filings relating to the Escrow Account and will have no responsibility to pay tax on any income earned by the Escrow Account.

**X.      Settlement Conditions, Release, and Termination**

A.      The Effective Date of the Settlement shall be deemed to occur when all of the following conditions are satisfied:

1.      Counsel for Plaintiff and Defendants have executed this Stipulation;

2.      Defendants receive Bankruptcy Court Approval.

3.      The Court enters the Preliminary Approval Order, as provided in Section V;

4.      The Settlement Amount has been deposited into the Escrow Account;

5.      The time within which Defendants may exercise their option to terminate this Stipulation in accordance with the terms of the Supplemental Agreement, referenced below in paragraph G of this Section, shall have expired without the exercise of that option;

6.      The Court has approved the Settlement as described herein following notice to the Class, and has entered the Judgment, as provided in Section VI; and

7.    The Judgment has become Final.

B.    Upon the Effective Date, all Releasing Plaintiffs' Parties, on behalf of themselves, and to the fullest extent permitted by law, their heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other Person claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Plaintiffs' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Plaintiffs' Claim against any Released Defendants' Parties, directly or indirectly, whether or not such members of the Class execute and deliver a Proof of Claim and Release to the Claims Administrator.  Upon the Effective Date, Defendants also release and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any of Released Defendants' Claims.

C.    If the conditions specified in paragraph A of this Section are not met, then this Stipulation shall be canceled and terminated, unless Class Counsel and Defendants' counsel mutually agree in writing to proceed with the Settlement.  Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a) a final and non-appealable order denying Bankruptcy Court Approval; (b) the Court's refusal to enter the Preliminary Approval Order; (c) the Court's refusal to approve this Stipulation; (d) the Court's refusal to enter the Judgement; (e) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (f) the failure of the Effective Date to occur for any reason.

D.    If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or

23

terminated pursuant to its terms, or (c) this Stipulation does not become Final for any reason, then the Settlement Fund and all interest earned on the Settlement Fund while held in escrow (less any taxes, tax-related expenses, and Settlement Administration Costs paid or incurred), plus any amount then remaining in the Notice and Administration Account, including both interest paid and accrued (less expenses and costs which have not yet been paid but which are properly chargeable to the Notice and Administration Account), shall be refunded by the Claims Administrator and/or the Escrow Agent within thirty (30) days of such cancellation or termination to Defendants or Defendants' insurers according to their respective contributions pursuant to payment instructions provided by Defendants' counsel.

E.      Upon the occurrence of all of the events specified in paragraph A of this Section, the obligation of the Claims Administrator and/or the Escrow Agent to return funds from the Settlement Fund to Defendants pursuant to paragraph D of this Section, shall be absolutely and forever extinguished.

F.      If either (a) the Effective Date does not occur, (b) this Stipulation is canceled or terminated pursuant to its terms, or (c) this Stipulation does not become Final for any reason, all of the Parties to this Stipulation shall be deemed to have reverted to their respective litigation positions as of December 18, 2025, and counsel shall meet and confer on an appropriate schedule to propose to the Court, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective Claims, arguments, and defenses in the Action.

G.      Notwithstanding the foregoing language, the following provisions of this Stipulation shall survive any termination or cancellation of the Settlement: Section X(F); Section X(C); Section XI; and, to the extent applicable, Section XII. Notwithstanding any other provision,

24

section, or paragraph in this Stipulation, Defendants may, in accordance with the terms set forth in the Parties' Supplemental Agreement, and in their sole discretion, elect in writing to terminate the Settlement and this Stipulation if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement. Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.

## XI.    No Admissions

A.    The Parties hereto intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and entry into this Settlement shall not be deemed an admission by any Plaintiff or Defendant as to the merits of any claim, argument or defense or any allegation made in the Action.

B.    Neither this Stipulation nor the Settlement, whether or not consummated, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be offered or used as an admission of, or evidence of, the validity or infirmity of any Released Claim, of any allegation made in the Action, or of any wrongdoing, liability, or damages by any Defendant; (b) is or may be deemed to be or may be offered or used as an admission of, or evidence of, any liability, fault or omission of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, or otherwise offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any act or statement or written document approved or made by any Released Defendant Party; or (c) is or may be deemed to be or may be used as an admission or evidence that Plaintiff would have received less than the Settlement Amount had the Action been prosecuted to conclusion. Neither this Stipulation nor the Settlement, nor any act performed

25

or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendants may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.      Defendants may file this Stipulation and/or Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## XII.    Miscellaneous Provisions

A.      The Parties hereto: (a) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation. This expressly includes Defendants seeking approval in the Bankruptcy Action within thirty (30) days of this Stipulation to use proceeds from DZS's director and officer insurance liability policies to pay the Settlement Amount.

B.      All counsel who execute this Stipulation represent and warrant that they have authority to do so on behalf of their respective clients.

C.      All of the Exhibits attached hereto, and the Supplemental Agreement are hereby incorporated by reference as though fully set forth herein.

26

D. Defendants shall be responsible for timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) and shall pay for all expenses and costs related thereto, at no cost to the Class.

E. This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties hereto or their successors in interest.

F. This Stipulation, Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between Plaintiff, on the one hand, and Defendants, on the other hand, and supersede any and all prior agreements, written or oral, between the Parties. No representations, warranties or inducements have been made concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

G. This Stipulation may be executed in one or more original, photocopied or facsimile counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

H. This Stipulation shall be binding upon, and inure to the benefit of the successors, assigns, executors, administrators, affiliates (including parent companies), heirs and legal representatives of the Parties hereto. No assignment shall relieve any Party hereto of obligations hereunder.

I. All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the internal laws of the State of Texas without regard to its conflicts of law rules and in accordance with the laws of the United States.

J. All agreements made and orders entered into during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

K.      Whether or not this Stipulation is approved by the Court and whether or not the Settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the Settlement.

L.      The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

M.      All Parties hereby irrevocably submit to the jurisdiction of the Court with respect to enforcement of the terms of this Stipulation and for any suit, action, proceeding or dispute arising out of or relating to this Stipulation or the applicability of this Stipulation.  In any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

N.      The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims, and any potential counterclaims or cross-claims any Defendant could have asserted against Released Plaintiffs' Parties with respect to Released Defendants' Claims.  Accordingly, Plaintiff and Defendants agree not to assert in any forum that the litigation was brought by Plaintiff or Class Counsel, or defended by Defendants, or their respective counsel, in bad faith or without a reasonable basis.  The Parties hereto shall assert no Claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the

28

Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel, and with the assistance of an experienced mediator, David Murphy.

O. Pending final approval of the Court of the Stipulation and its exhibits, all proceedings in this Action shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants' Parties or Released Plaintiffs' Parties.

P. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

Q. Except as otherwise provided herein, each Party shall bear its own fees and costs.

R. The headings herein are used for the purpose of convenience and are not intended to have legal effect.

S. Notices required or permitted by this Stipulation shall be in writing and shall be deemed duly given when delivered personally to the recipient, or, if expressly agreed and receipt acknowledged, by email as follows:

| **To Plaintiff:** | **To Defendants:** |
|---|---|
| Adam M. Apton<br>LEVI & KORSINSKY, LLP<br>33 Whitehall Street, 27th Floor<br>New York, NY 10004<br>aapton@zlk.com | John Lawrence<br>BAKER BOTTS LLP<br>2001 Ross Avenue, Suite 900<br>Dallas, Texas 75201<br>john.lawrence@bakerbotts.com<br><br>and<br><br>Charles Strecker<br>BAKER BOTTS LLP<br>2001 Ross Avenue, Suite 900<br>Dallas, Texas 75201 |

charles.strecker@bakerbotts.com

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound.

Dated:  February 25, 2026             LEVI & KORSINSKY, LLP

                                      By: _____
                                           Adam Marc Apton

                                      *Attorneys for Plaintiff*

                    27
Dated:  February 25, 2026             BAKER BOTTS LLP

                                      By: _____
                                           Charles Strecker

                                      *Attorneys for Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE DZS INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 4:23-CV-549-SDJ<br>MASTER DOCKET |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

WHEREAS, Court-appointed Lead Plaintiff Jason Hawke ("Plaintiff") and Defendants Charles Daniel Vogt and Misty Kawecki ("Defendants," and together with Plaintiff, the "Parties" and each a "Party"), entered into the Stipulation of Settlement dated February 25, 2026 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the above-captioned Action; and the Court having considered the Stipulation and the exhibits thereto, and Plaintiff's motion and supporting papers, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this __th day of _____, 2026, that:

1.      Capitalized terms used herein have the meanings defined in the Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action for a Class of all Persons who purchased or otherwise acquired DZS common stock between May 4, 2022 to November 9, 2023, both dates inclusive (the "Class Period").  Excluded from the Class are (i) Defendants and members of their immediate families; (ii) DASAN Networks, Inc. ("DNI"); (iii) the officers and directors of DZS and DNI during the Class Period, and their immediate

1

families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant or DNI has or had a controlling interest. All persons or entities who properly excludes himself, herself, or itself from the Class by submitting a valid and timely request for exclusion consistent with this Order will also be excluded.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiff is certified as the class representative and his counsel, Levi & Korsinsky, LLP, is hereby appointed as Class Counsel.

4.      The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Stipulation is sufficiently fair, reasonable, and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

5.      The Court hereby preliminarily approves the Settlement, subject to further consideration at the Settlement Hearing pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____, 2026, at _____ _.m. (a date that is at least 100 calendar days from entry of this Order) for the following purposes:

        (a) to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

        (b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

        (c) to determine finally whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine, among other things, whether the releases set forth in the Stipulation should be ordered;

(d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider any application of Class Counsel for an Attorney Fee Award and Award to Plaintiff;

(f) to consider Class Members' objections to the Settlement, if any, provided that they validly submitted an objection in accordance with this Order and the Notice; and

(g) to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind.  The Court further reserves the right to enter Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded an Attorney Fee Award or Award to Plaintiff.

7.      The Court approves the form, substance, and requirements of (a) the Postcard Notice, (b) the Notice, (c) the Proof of Claim, and (d) the Summary Notice, all of which are exhibits to the Stipulation.

8.      Class Counsel has the authority to enter into the Settlement on behalf of the Class and has the authority to act on behalf of the Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

3

9. For settlement purposes only, Angeion Group is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims. Up to $250,000 in Settlement Administration Costs may be paid to the Claims Administrator without further order of this Court.

10. By _____, 2026 (fourteen (14) calendar days of the entry of this Order) (hereinafter the "Notice Date"), Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed to the Stipulation as Exhibit A-4 to be mailed, by first-class mail, postage prepaid, or via electronic mail if addresses are available, to Class Members who can be identified with reasonable effort by Class Counsel.

11. The Claims Administrator shall provide the Notice, Proof of Claim and Postcard Notice to nominees and custodians, and such nominees and custodians shall, within ten (10) calendar days of receipt of the Notice, either: (i) request copies of the Postcard Notice sufficient to send to all beneficial owners for whom they are nominee or custodian; or (ii) request an electronic link to the Notice and Proof of Claim ("Notice and Claim Link"), and within ten (10) calendar days after receipt thereof, email the Notice and Claim Link to such beneficial owners for whom valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners. If the Claims Administrator receives an email address, it will send a Postcard Notice and Notice and Claim Link electronically. Otherwise, it will send a Postcard Notice by first-class mail. Nominees or custodians who elect to send the Postcard Notice and Notice and Claim Link to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice and Notice and Claim Links shall be made available to any nominee or custodian requesting same for the

4

purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses up to $0.05 per name (with address and email address) provided to the Claims Administrator; up to $0.05 per Postcard Notice mailed plus postage at the rate used by the Claims Administrator;  or up to $0.05 per Notice and Claim Link sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12.     Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim to be posted on a settlement website on or before the Notice Date.

13.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on a broadly-disseminated national wire service by _____, 2026, within fourteen (14) calendar days after the Notice Date.

14.     Class Counsel shall, by _____, 2026, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of dissemination of the Postcard Notice and publication of the Summary Notice.

15.     The forms and methods set forth herein of notifying Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons entitled thereto.  No Class Member will be relieved from the terms and conditions of the

Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

16.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a) On or before _____, 2026 (110 calendar days from the Notice Date), a properly completed and executed Proof of Claim must be submitted to the Claims Administrator either (a) electronically through the Settlement Website or (b) at the Post Office Box indicated in the Notice.  Each Proof of Claim shall be deemed to have been submitted when: (a) the claimant receives a confirmation notice from the Claims Administrator for electronic submissions; or (b) legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) the Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the

6

transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Plaintiff or Defendants, or of their counsel or the Claims Administrator be allowed on any topic.

17. All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.

18. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request for exclusion shall mail it by first-class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2026 (twenty-eight (28) calendar days prior to the Settlement Hearing) ("Exclusion Deadline")), to the address listed in the Notice. In order to be valid, such request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of DZS common stock purchased, acquired, and/or sold between May 4, 2022 to November 9, 2023, both dates inclusive, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. In order to be valid, such request for exclusion must be submitted with documentary proof of each purchase or acquisition and, if applicable, sale of DZS common stock during the relevant period. Account statements or

trade confirmations will suffice.  Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

19.    The Claims Administrator or Class Counsel shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Defendants (by email) as soon as possible, but in no event later than five (5) calendar days after receipt, and in any event at least fourteen (14) calendar days before the Settlement Hearing.  The Class will not include any Person who delivers a valid and timely request for exclusion.

20.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than _____, 2026, two (2) business days before the Settlement Hearing, in which event that Person will be included in the Class.

21.    All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

22.    Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or any application for an award of fees or reimbursement of expenses, provided, however, that no Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served the objection upon the Court by _____, 2026, at least twenty-eight (28) calendar days prior to the Settlement Hearing.

To be valid, any such objection must (i) clearly identify the case name and number "*In re DZS Inc. Securities Litigation*, Case No. 4:23-CV-549-SDJ (E.D. Tex.)"; (ii) state the name, address, and telephone number of the person or entity objecting; (iii) state the number of shares of DZS common stock purchased, acquired, and/or sold between May 4, 2022 to November 9, 2023, both dates inclusive, as well as the dates and prices of each such purchase, acquisition, and sale; (iv) be signed by the person or entity objecting or an authorized representative; and (v) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Eastern District of Texas or by mailing them to the Clerk's Office, United States District Court for the Eastern District of Texas, 101 East Pecan Street Room 216, Sherman Texas 75090. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or Attorney Fee Award may do so at the Settlement Hearing, provided they have filed a timely objection in accordance with this Order.

23.    Any Class Member or other Person who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or any Attorney Fee Award or Award to Plaintiff, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing any judgment or order entered in this Action.

24.    The Court reserves the right to adjourn the Settlement Hearing or to conduct it remotely without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

25.     All papers in support of the Settlement, the Plan of Allocation and/or any application for an Attorney Fee Award or Award to Plaintiff shall be filed and served no later than _____, 2026, sixty-three (63) calendar days before the Settlement Hearing.

26.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or any Attorney Fee Award or Award to Plaintiff shall be filed no later than _____, 2026, fourteen (14) calendar days prior to the Settlement Hearing.

27.     Defendants shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for an Attorney Fee Award, or Award to Plaintiff submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28.     Pending final determination of whether the Settlement should be approved, Plaintiff and Class Members shall be enjoined from commencing, prosecuting, or attempting to prosecute the Released Plaintiffs' Claims against the Released Defendants' Parties in any court or tribunal or proceeding (including in the Action), unless and until the Stipulation is cancelled and terminated pursuant to the Stipulation.

29.     All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

30.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Defendants or any of the other Released Defendants' Parties of the truth of any

11

of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Plaintiff or any Class Members have suffered any damages, harm, or loss.  Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as, or argued to be, a waiver of any defenses in the Action. Additionally, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Plaintiff of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

31.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or any Released Plaintiffs' Parties or Released Defendants' Parties under the Stipulation, and each Party shall be restored to his, her or its respective litigation positions, pursuant to the terms of the Stipulation.

32.    The Court reserves the right to alter the time or the date or manner of the Settlement Hearing without further notice to the Class Members, provided that the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 5 above.  The Court retains exclusive jurisdiction to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute over the funding of the Settlement, any dispute concerning any Proof of Claim submitted, and any future requests by one or more of

12

the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

**IT IS SO ORDERED.**

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE DZS INC. SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 4:23-CV-549-SDJ<br>MASTER DOCKET |
| THIS DOCUMENT RELATES TO: ALL ACTION | | |

---

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

---

**YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU PURCHASED DZS INC. COMMON STOCK BETWEEN MAY 4, 2022 AND NOVEMBER 9, 2023, INCLUSIVE.**

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

**IF YOU ARE A CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT.  PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:**  The purpose of this Notice[1] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Class.

- **Summary of Claims Resolved:**  The Settlement resolves claims by the Court-appointed Lead Plaintiff Jason Hawke ("Plaintiff") against Defendants Charles Daniel Vogt and Misty Kawecki ("Defendants," and together with Plaintiff, the "Parties" and each a "Party"), for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact between May 4, 2022 to November 9, 2023, inclusive (the "Class Period"), concerning DZS Inc.'s ("DZS") financial statements and internal controls over financial reporting.

- **Statement of Class Recovery:**  Subject to Court approval, Plaintiff, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $2,900,000 (the "Settlement

---

[1] All capitalized terms not otherwise defined in this notice shall have the same meaning provided in the Stipulation and Agreement of Settlement, dated February 25, 2026 (the "Stipulation").

Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation").  The proposed Plan of Allocation is set forth on pages ___ below.

- **Estimate of Average Recovery Per Share:**  Plaintiff estimates there were approximately 13.7 million shares of DZS common stock traded during the Class Period that may have been impacted.  Pursuant to the Plan of Allocation, if all affected DZS shares elect to participate in the Settlement, the average recovery per share could be approximately $0.21, before deduction of any fees, expenses, costs, and awards described herein.  **Class Members should note that this is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their DZS common stock and the total number of valid Claim Forms submitted and the value of those claims.  Distributions to Class Members will be made based on the Plan of Allocation or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of Case If the Action Continued to Be Litigated:**  The Parties disagree about both liability and damages and do not agree on the amount of damages, if any, that would be recoverable if Plaintiff was to prevail on each claim asserted against the Defendants.  Among other things, the Parties disagree on (i) whether Defendants made materially false or otherwise misleading statements in violation of the federal securities laws during the Class Period, (ii) whether the alleged misrepresentations and omissions Plaintiff claims were in DZS's public filings were, in fact, materially misleading, (iii) whether Plaintiff and the Class suffered any harm as a result of Defendants' alleged violations of the federal securities laws and purported subsequent revelation of the truth, (iv) whether Defendants' alleged misconduct was the proximate cause of any losses suffered by Plaintiff and the Class, and (v) whether Defendants acted with the requisite culpability as to each claim.

- **Reasons for Settlement:**  Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation.  Plaintiff weighed this benefit against the significant risk that a smaller recovery – or no recovery at all – might be achieved after contested motions, a trial of the Action and post-trial appeal.  This process would be expected to last several years.  The Settlement was entered into after extended mediation proceedings.  Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction of further litigation provided that all of the claims of the Class are fully and forever settled, compromised, and dismissed with prejudice.

- **Attorneys' Fees and Costs:**  Lead Counsel has not received any payment for their services in conducting this litigation on behalf of Plaintiff and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures.  If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 33% of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses

not to exceed $100,000, and any interest accrued thereon.  If the amount requested by Lead Counsel is approved by the Court, the average cost of fees would be approximately $0.08 per share.  In addition, an award for the time and expenses incurred by the Plaintiff will be requested, not to exceed $10,000.

- **Identification of Attorneys' Representatives:**    Requests for further information regarding the Action, this Notice, or the Settlement can be directed to Lead Counsel: Adam M. Apton, Levi & Korsinsky, LLP, 33 Whitehall Street, 27th Floor, New York, NY 10004 (212) 363-7500. **Please Do Not Call the Court with Questions About the Settlement.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2026** | The *only* way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY _____, 2026** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. *See* Question 11 below for details. |
| **OBJECT BY _____, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Attorney Fee Award application. If you object, you will still be a member of the Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON _____, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2026** | Class Members may be permitted to appear and speak to the Court if they submit a written objection. *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## BASIC INFORMATION

1.    **Why did I get this Notice?**

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased shares of DZS common stock, and might be a Class Member. This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at www.[INSERT].com.** *See* **Question 8 below.**

The Court directed that this Notice be made publicly available on this website to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Eastern District of Texas, and the case is known as *In re DZS Inc. Securities Litigation*, Case No. 4:23-CV-549-SDJ (E.D. Tex.). The Action is assigned to District Court Judge Sean D. Jordan.

## 2.    <u>What is this case about and what has happened so far?</u>

DZS was a Delaware corporation that described itself as a global provider of access and optical networking infrastructure and cloud software solutions. Plaintiff alleges in the operative complaint that, during the Class Period, DZS engaged in widespread and longstanding improper revenue recognition practices, including recognizing revenue before purchase orders were finalized, before products were delivered or customized, and on transactions that were never completed. The complaint alleges that these practices artificially inflated DZS's reported revenues and concealed material weaknesses in internal controls over financial reporting. On March 10, 2023, DZS filed its annual report for 2022, disclosing the existence of a material weakness in its internal controls over financial reporting; on June 1, 2023, DZS disclosed that a restatement would be issued for the quarter ended March 31, 2023 and that investors should no longer rely on its financial statements for that quarter; and on November 9, 2023, DZS further expanded the scope of the restatement to encompass the entire fiscal year of 2022. Plaintiff alleged that Defendants' previous statements concerning DZS's financial information and internal controls over financial reporting were false and/or materially misleading and made in violation of the federal securities laws.

In connection with this Action, Plaintiff, through their counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the SEC; (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company; (iii) research reports issued by financial analysts concerning the Company; (iv) interviews conducted with former employees of DZS; and (v) the applicable law governing the claims and potential defenses. Plaintiff and Plaintiff's Counsel also responded to Defendants' motion to dismiss..

On December 18, 2025, the Parties attended a full-day mediation session with an experienced mediator familiar with securities class actions. Prior to the mediation session, Plaintiff

provided Defendants and the mediator with a detailed mediation statement.  The mediation ultimately succeeded after the Parties agreed to settle the action for the Settlement Amount.

**3.      Why is this a class action?**

In a class action, one or more persons or entities (in this case, Plaintiff), sues on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4.      Why is there a Settlement?**

Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit.  However, Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.  Plaintiff and Lead Counsel also recognize that Defendants have numerous defenses that could preclude a recovery.  For example, Defendants challenge whether their alleged conduct caused any losses and whether Plaintiff can plead or establish the requisite scienter.  The Settlement provides a guaranteed and immediate cash recovery to the Class.  In light of the risks, Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

The Defendants have denied and continue to deny any and all allegations of wrongdoing or liability, that Plaintiff or the Class suffered any damages, and that the price of DZS common stock was artificially inflated.  The Settlement is not and should not be seen as an admission or concession on the part of the Defendants.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals.  The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiff was to prevail on each claim alleged against the Defendants.  Moreover, any higher recovery awarded at trial might not be fully collectible due to, among other things, Defendants' eroding insurance policies.

**5.      How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Class (*see* Question 11 below): all Persons who purchased DZS common stock between May 4, 2022 to November 9, 2023, inclusive, and were damaged thereby.

Receipt of this Notice does not mean that you are a Class Member.  Please check your records or contact your broker to see if you are a member of the Class.  You are a Class Member only if you individually (and not a fund you own) meet the Class definition.

**6.      Are there exceptions to be included in the Class?**

Yes.  There are some individuals and entities who or which are excluded from the Class by definition.  Excluded from the Class are: (i) Defendants and members of their immediate families; (ii) DASAN Networks, Inc. ("DNI"); (iii) the officers and directors of DZS and DNI during the Class Period, and their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant or DNI has or had a controlling interest.

**THE SETTLEMENT BENEFITS**

**7.    What does the Settlement provide?**

In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendants' Parties, the Defendants have agreed to create a $2,900,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**8.    How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www.[INSERT].com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) [INSERT].  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www.[INSERT].com to the Claims Administrator so that it is **postmarked or received no later than _____, 2026.**

**9.    When will I receive my payment?**

The Court will hold a Settlement Hearing on _____, **2026** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**10.    What am I giving up to receive a payment or stay in the Class?**

If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendants' Parties."  Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants in connection with the Released Plaintiffs' Claims.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims against the Defendants.  On the "Effective Date," Defendants also will release any claims they might have against Class Members related to the prosecution of the Action.

**"Released Plaintiffs' Claims"** means the release, upon the Effective Date, by (i) Plaintiff

and all Class Members, together with (ii) each of their respective family members; (iii) their direct or indirect parent entities, direct or indirect subsidiaries, related entities, and affiliates; (iv) any trust of which they are the settlor or which is for the benefit of his, her, or their family members; and (v), for any of the Persons listed in parts (i) through (iv), their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof in their capacities as such (each of the foregoing, a "Releasing Plaintiffs' Party"), as against Released Defendants' Parties, all Claims, including Unknown Claims, that Plaintiff, any other member of the Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Amended Complaint or any previous complaint in the Action; or (ii) could have asserted in any forum that arise out of or are based upon or are in connection with any of the allegations, acts, transactions, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions involved, set forth, or referred to in the Amended Complaint or any previous complaint in the Action; or (iii) that relate to the purchase of other acquisition of DZS common stock.  Released Plaintiffs' Claims shall not include (i) any Claims relating to the enforcement of the Settlement; and (ii) any Claims of any Person who or which submits a request for exclusion from the Settlement that is accepted by the Court.

"**Released Defendants' Parties**" means (i) each of the Defendants; (ii) the family members of the Defendants; (iii) DZS and direct or indirect parent entities, direct or indirect subsidiaries, related entities, and affiliates of DZS; (iv) any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or his or her family members; (v) for any of the Persons listed in parts (i) through (iv), as applicable, their respective past, present, or future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trusts, trustees, trustors, agents, attorneys, predecessors, successors, assigns, assignees, heirs, executors, administrators, estates, or any controlling person thereof; and (vi) any entity in which any Defendant has a controlling interest; all in their capacities as such.

"**Defendants' Release**" means the release by Defendants, upon the Effective Date, as against Released Plaintiffs' Parties (as defined herein), of all Claims and causes of action of every nature and description, whether known Claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Claims asserted in the Action against Defendants ("Released Defendants' Claims"). Released Defendants' Claims shall not include any Claims relating to the enforcement of the Settlement or any Claims by Defendants for insurance coverage.

"**Released Plaintiffs' Parties**" means (i) Plaintiff, all Class Members, and Plaintiff's counsel, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, or any controlling person thereof, all in their capacities as such.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself or "opting out."  **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit.  Also, the Defendants may terminate the Settlement if Class Members who purchased in excess of a certain amount of shares of DZS common stock seek exclusion from the Class.**

**11.     How do I exclude myself from the Class?**

To exclude yourself from the Class, you must mail a signed letter to the Claims Administrator stating that you "request to be excluded from the Class in *"In re DZS Inc. Securities Litigation*, Case No. 4:23-CV-549-SDJ (E.D. Tex.)."  You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of DZS common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  In order to be valid, such request for exclusion must be submitted with documentary proof of each purchase or acquisition and, if applicable, sale of DZS common stock during the relevant period.  Account statements or trade confirmations will suffice.  Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury.   A request for exclusion must be mailed, so that it is **received no later than _____,** to:

*In re DZS Inc. Securities Litigation*
EXCLUSIONS
c/o [INSERT]
[INSERT]
[INSERT]

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendants' Parties, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

The Court appointed the law firm of Levi & Korsinsky, LLP to represent all Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13.    How will the lawyers be paid?

You will not be separately charged for work performed by Levi & Korsinsky, LLP on behalf of the Class. The Court will determine the amount of Plaintiff's Counsel's fees and expenses, which will be paid from the Settlement Fund. To date, Plaintiff's Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been paid for their litigation expenses. Plaintiff's Counsel will ask the Court to award attorneys' fees of no more than 33% of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $100,000 plus accrued interest. Plaintiff may also request an award of up to $10,000 to reimburse his reasonable time, costs and expenses in representing the Class.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 14.    How do I tell the Court that I do not like something about the proposed Settlement?

If you are a Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Plaintiff. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement agreed to by the Parties in the Action. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (i) clearly identify the case name and number "*In re DZS Inc. Securities Litigation,* Case No. 4:23-CV-549-SDJ (E.D. Tex.)"; (ii) state the name, address, and telephone number of the person or entity objecting; (iii) state the number of shares of DZS common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; (iv) be signed by the person or entity objecting or an authorized representative; (v) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Eastern District of Texas or by mailing them to the Clerk's Office, United States District Court for the Eastern District of Texas, 101 East Pecan Street Room 216, Sherman, Texas 75090; and (vi) be filed or postmarked on or before _____.

### 15.    What is the difference between objecting and seeking exclusion?

Objecting is telling the Court that you do not like something about the proposed Settlement. You may object and still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved by the Court. You may object *only* if you remain part of the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you

exclude yourself from the Class, you will lose standing to object to the Settlement because it will no longer affect you and you will not be eligible for any payment.

## THE SETTLEMENT HEARING

**16.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on _____, 2026 at ____ _.m., [either telephonically, on Zoom, and/or at 101 East Pecan Street, Sherman Texas 75090].  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses and Plaintiff's service awards are reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at www.[INSERT].com, or periodically check the Court's website at https://www.txed.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed.  The Court's docket is also available on the PACER service at https://www.pacer.gov.

**17.    Do I have to come to the Settlement Hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.

**18.    May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not opted out of the Settlement, you may appear and address the Court at the Settlement Hearing concerning the Settlement and your objection to it should you wish to do so. If you have not opted out of the Settlement but did not submit a timely objection, you may also appear at the Settlement Hearing and address the Court concerning the Settlement should you wish to do so.

## IF YOU DO NOTHING

**19.    What happens if I do nothing at all?**

If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue or be part of any other lawsuit against

the Defendants and the other Released Defendants' Parties concerning the Released Plaintiffs' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Class (*see* Question 11 above).

## GETTING MORE INFORMATION

**20.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than _____, and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Clerk's Office, United States District Court for the Eastern District of Texas, 101 East Pecan Street Room 216, Sherman Texas 75090, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.[INSERT].com, calling the Claims Administrator toll free at (866) [INSERT], emailing the Claims Administrator at info@[INSERT].com or writing to the Claims Administrator at *In re DZS Inc. Securities Litigation,* c/o [INSERT].

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**21.    How will my claim be calculated?**

As discussed above, the Settlement provides $2,900,000.00 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, less any taxes and tax expenses, any Attorney Fee Award to Lead Counsel, any Award to Plaintiff approved by the Court, and Settlement Administration Costs is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.[INSERT].com.

The Plan of Allocation takes into account Class Counsel's assessment of the strength and weakness of the various claims and defenses and incorporates the advice of consulting experts. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Class Members who suffered alleged economic losses as a proximate result of the

Defendants' alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formulas set forth below ("Recognized Loss").

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (i.e., "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than $10 dollars ($10.00) in cash.

Plaintiff asserted claims under the Securities Exchange Act of 1934. Plaintiff's theory of damages focused on the change in DZS's stock price following public disclosures on March 10, 2023, June 1, 2023, and November 9, 2023.

On March 10, 2023, DZS announced a material weakness in its internal control over financial reporting. On June 1, 2023, DZS announced that it would restate its financials for the first quarter of 2023. On November 9, 2023, DZS announced that each of its quarterly and year-end financials for 2022 would be restated and that DZS anticipated that its review of the matter would result in one or more material weaknesses. Plaintiff has alleged that in response to these disclosures, DZS's stock price declined and resulted in damages to the Class. Consequently, the Plan of Allocation intends to compensate Authorized Claimants for these alleged damages. Depending on when you purchased your shares of DZS common stock and how many shares you held when the adverse news emerged, you may have a Recognized Loss. The following paragraphs explain how to calculate your Recognized Loss.

You may have a Recognized Loss if you purchased or acquired DZS common stock between May 4, 2022 to November 9, 2023, inclusive. The Plan of Allocation for claims is as follows:

|  | Sold before/on March 10, 2023 | Sold before/on May 31, 2023 | Sold before/on November 9, 2023 | Sold or held after November 9, 2023 |
|---|---|---|---|---|
| Bought before/on March 10, 2023 | $0/share | $0.31/share | $2.48/share | $2.84/share |
| Bought between March 11, 2023 and May 31, 2023 | N/A | $0/share | $2.17/share | $2.53/share |
| Bought between | N/A | N/A | $0/share | $0.36/share |

| May 31, 2023 and November 9, 2023 | | | | |
|---|---|---|---|---|

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The Plan of Allocation is intended to compensate investors for losses incurred as a result of Defendants' alleged violations of federal securities laws. Authorized Claimants who invested in DZS for a net gain will not have a Recognized Loss and will not be eligible for a distribution from the Net Settlement Fund. Any transaction(s) resulting in a gain will not have a Recognized Loss.

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of Authorized Claimants that participate in the Settlement, and when they purchased and/or sold securities. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of DZS stock shall be deemed to have occurred on the "trade" date as opposed to the "settlement" or "payment" date.

Authorized Claimants who acquired shares of DZS stock during the Class Period by way of gift, inheritance or operation of law, such shares shall not have a Recognized Loss.

Receipt of DZS stock in exchange for securities of any corporation or entity shall not have a Recognized Loss.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in DZS stock, the earliest purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

No securities other than DZS common shares are eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option or warrant, the purchase/sale date of the share shall be the exercise date and the purchase/sale price shall be the exercise price. Any Recognized Loss arising from purchases of shares acquired during the Class Period through the exercise of an option or warrant are not eligible to participate in the Settlement.

A Recognized Loss will be calculated as defined herein and cannot be less than zero. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss. The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants,

multiplied by the total amount in the Net Settlement Fund.

Class Members who do not submit an acceptable Proof of Claim (including documentation of the transactions claimed) will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Defendants' Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Plaintiff and Class Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Class Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is de minimis and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired DZS common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities.  If they are available, you must also provide the Claims Administrator with the e-mails of the beneficial

owners.  If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at (866) [INSERT], by email at info@[INSERT].com at the Settlement website at www.[INSERT].com, or through mail at

*In re DZS Inc. Securities Litigation,*
c/o [INSERT]
[INSERT]
[INSERT]

Dated: _____, 2026          BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT FOR THE
                                         EASTERN DISTRICT OF TEXAS

# EXHIBIT A-2

***In re DZS Inc. Securities Litigation,***
**Toll-Free Number: (866) [INSERT]**
**Email: [INSERT]**
**Website:  [INSERT]**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.[INSERT].com, with supporting documentation, ***postmarked* (if mailed) or received no later than _____, 2026**.

### Mail to:

***In re DZS Inc. Securities Litigation,***
**c/o [INSERT]**
**[INSERT]**
**[INSERT]**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN DZS COMMON STOCK** | **5** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **8** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

City                                            State/Province    Zip Code

Foreign Postal Code (if applicable)                        Foreign Country (if applicable)

Telephone Number (Day)                              Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership          ☐ Estate             ☐ Trust                ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is also available on the Settlement website at: www.[INSERT].com. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Class Member (see the definition of the Class on page [__] of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Class Member.** Thus, if you are excluded from the Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of DZS Inc. ("DZS") common stock (symbol: DZSI) and whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**: Only shares of DZS common stock purchased between May 4, 2022 to November 9, 2023, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice. However, under the "90-day look-back period" (described in the Plan of Allocation), sales of DZS common stock as late as February 8, 2024 will be used for purposes of calculating certain Recognized Loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of DZS common stock set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial

owner(s) of DZS common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the DZS common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of DZS common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such DZS.  The Claims Administrator reserves the right to request information on all the holdings and transactions in DZS common stock made on behalf of a single beneficial owner.

10.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or other taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the DZS common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.      By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the DZS common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

12.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.      Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.      **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, [INSERT], at the above address, by email at info@[INSERT], or by toll-free phone at (866) [INSERT], or you can visit the website, www.[INSERT].com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILERS:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at www.[INSERT].com or you may email the Claims Administrator's electronic filing department at info@[INSERT].com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@[INSERT].com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) [INSERT].**

**PART III – SCHEDULE OF TRANSACTIONS IN DZS COMMON STOCK**

Do not include information regarding any securities other than DZS.  Please include proper documentation with your Claim Form as described in Part II – General Instructions, ¶ 6, above.

| **1.  PURCHASES FROM MAY 4, 2022 THROUGH NOVEMBER 9, 2023** – Separately list each and every purchase or acquisition of DZS common stock from May 4, 2022 through November 9, 2023.  (Must be documented.) | | | | |
|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| **2.  SALES FROM MAY 4, 2022 THROUGH FEBRUARY 8, 2024** – Separately list each and every sale or disposition of DZS common stock from May 4, 2022 through February 8, 2024. (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| **3.  HOLDINGS AS OF** February 8, 2024 – State the total number of shares of DZS common stock held as of the close of trading on February 8, 2024.  If none, write "zero" or "0." _____ | | | | |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.**   ☐ | | | | |

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [ ] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.      that I (we) own(ed) the DZS common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of DZS common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

7.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

8.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                      Date


_____
Print claimant name here


_____
Signature of joint claimant, if any                                        Date


_____
Print joint claimant name here


*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


_____
Signature of person signing on behalf of claimant                          Date


_____
Print name of person signing on behalf of claimant here


_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 545-1007.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@[INSERT].com, or by toll-free phone at (866) [INSERT], or you may visit www.[INSERT].com.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT WWW.[INSERT].COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2026**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*In re DZS Inc. Securities Litigation,*
c/o [INSERT]
[INSERT]
[INSERT]

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____**, 2026**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE DZS INC. SECURITIES LITIGA-TION | § § § | CIVIL NO. 4:23-CV-549-SDJ MASTER DOCKET |
| THIS DOCUMENT RELATES TO: ALL ACTION | § § § § § | |

---

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

---

**TO:    ALL PERSONS WHO PURCHASED DZS INC. ("DZS") COMMON STOCK BETWEEN MAY 4, 2022 TO NOVEMBER 9, 2023, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Texas, that a hearing will be held on _____, 2026, at __:__ _.m. before the Honorable Sean D. Jordan, United States District Court Judge, at the courthouse for the Eastern District of Texas, [either telephonically, on Zoom, and/or at 101 East Pecan Street Room 216, Sherman Texas 75090] for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration in the amount of $2,900,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the Plan of Allocation is fair and reasonable, and should be approved; (3) whether Lead Counsel's application for an award of attorneys' fees of up to 33% and any interest accrued thereon, and reimbursement of out-of-pocket expenses of not more than $100,000 and any interest accrued thereon, and compensatory awards for Plaintiff of not more than $10,000, all to be paid from the Settlement Fund, should be approved; and (4) whether this Action should be dismissed with prejudice against the Defendants as fully set forth in the Stipulation of Settlement dated February 25, 2025 (the "Stipulation") filed with the Court.

You are receiving this Notice because the Court has preliminarily certified a class of investors for settlement purposes only ("Class"), and you may be a member of the Class ("Class Member"). The proposed Class consists of all Persons who purchased or acquired DZS common stock be-tween May 4, 2022 to November 9, 2023, both dates inclusive, and were damaged thereby. Ex-cluded from the Class are (i) Defendants and members of their immediate families; (ii) DASAN Networks, Inc. ("DNI"); (iii) the officers and directors of DZS and DNI during the Class Period, and their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant or DNI has or had a controlling interest.

If you purchased or acquired DZS Inc. common stock between May 4, 2022 to November 9, 2023, inclusive, your rights may be affected by this Action and the Settlement thereof, including the release and extinguishment of claims you may possess relating to your ownership interest in DZS common stock.  If you have not received a more-detailed, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents and the Stipulation by downloading them at the Settlement website at: www.[INSERT].com. If you are unable to do so, you may contact the Claims Administrator to obtain copies:

*In re DZS Inc. Securities Litigation,*
c/o [INSERT]
[INSERT]
[INSERT]

Defendants have denied and continue to deny that they committed any act or omission giving rise to any liability or violation of the law. The Settlement will resolve the lawsuit and the Released Claims as to the Defendants and other Released Defendants' Parties. Plaintiff and the Class are represented by Lead Counsel, who may be reached by contacting: Adam M. Apton, Levi & Korsinsky, LLP, 33 Whitehall Street, 27th Floor, New York, NY 10004, (212) 363-7500.

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim that is received by the Claims Administrator no later than _____, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any Judgment rendered in the Action whether or not you make a claim.

If you want to be excluded from the Class, you must submit to the Claims Administrator a request for exclusion, in accordance with the procedures set forth in the long-form Notice, so that it is received no later than _____.  If you decide to exclude yourself from the Class and wish to file your own individual lawsuit based on the Released Plaintiffs' Claims, Defendants may argue that you face a time bar under applicable statutes of limitation or repose.  Any Class Member considering a request for exclusion should discuss these risks with an appropriate legal advisor. All members of the Class who have not requested exclusion from the Settlement Class will be bound by any Judgment entered in the Action pursuant to the Settlement Stipulation.

If you are a Class Member and do not exclude yourself, you can object to the Settlement, Plan of Allocation, or Lead Counsel's request for an Attorney Fee Award and compensatory Award to Plaintiff in the manner and form explained in the detailed Notice and received no later than _____.

Any questions regarding the Settlement should be directed to Lead Counsel for the Class.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

2

Dated: _____     BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        EASTERN DISTRICT OF TEXAS

# EXHIBIT A-4

In re DZS Inc. Securities Litigation,
c/o [INSERT]
[INSERT]
[INSERT]

[Postage Prepaid]

### *COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*In re DZS Inc. Securities Litigation*
Case No: 4:23-CV-549-SDJ

Name
Address
City, State
Zip

---

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT www.[INSERT].com FOR MORE INFORMATION.*

There has been a proposed Settlement of claims against Defendants Charles Daniel Vogt and Misty Kawecki (collectively, "Defendants"). The Settlement would resolve a lawsuit in which Plaintiff alleges that Defendants made materially false and misleading statements to the investing public about issues related to DZS Inc.'s ("DZS") financial statements and internal controls over financial reporting in violation of the federal securities laws. Defendants deny any and all wrongdoing, liability and damages. You received this Postcard Notice because you or someone in your family may have purchased DZS common stock between May 4, 2022 to November 9, 2023, inclusive, and were damaged thereby.

Defendants have agreed to pay an all-in Settlement Amount of $2,900,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, a reimbursement award to Plaintiff, and taxes, is to be divided among all Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.[INSERT].com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in public shares in DZS. If every eligible Class Member submits a valid Proof of Claim form, the average recovery will be $0.21 per eligible share before expenses and other Court-ordered deductions. Your award will be your *pro rata* share of the Net Settlement Fund as further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Proof of Claim form**. The Proof of Claim form can be found on the website **www.[INSERT].com**, or will be mailed to you upon request to the Claims Administrator (866-[INSERT]). **Proof of Claim forms must be submitted by** _____. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by _____. The detailed Notice explains how to submit a Proof of Claim form, exclude yourself or object.

The Court will hold a hearing in this case on _____, to consider whether to approve the Settlement and a request by the lawyers representing the Class for up to 33% of the Settlement Fund in attorneys' fees, plus actual expenses incurred up to $100,000 for litigating the case and negotiating the Settlement (together with interest accrued on both amounts), and to consider whether to approve compensatory awards to Plaintiff. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866-[INSERT]) or visit the website **www.[INSERT].com** and read the detailed Notice.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE DZS INC. SECURITIES LITIGATION | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 4:23-CV-549-SDJ<br>MASTER DOCKET |
| THIS DOCUMENT RELATES TO: ALL ACTION | | |

---

### [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

---

On the ____ day of _____, 2026 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated February 25, 2026 ("Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class in this Action, including the release of the Released Claims against the Released Defendants' Parties and Released Plaintiffs' Parties, and should be approved; (2) whether judgment should be entered dismissing this Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award an Attorney Fee Award to Class Counsel; and (5) whether and in what amount to award compensation to Plaintiff.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing in the record that the Summary Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated _____, 2026 was published; the Postcard Notice directing recipients to the full Notice and Proof of Claim were mailed, and the Notice, Proof of Claim, and other settlement documents were posted to the Settlement website; all in accordance with the Preliminary Approval Order and the specifications of the Court; and

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1

1.      This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

   (a)    the number of Class Members is so numerous that joinder of all members thereof is impracticable;

   (b)    there are questions of law and fact common to the Class;

   (c)    the claims of Plaintiff are typical of the claims of the Class they seek to represent;

   (d)    Plaintiff and Class Counsel fairly and adequately represent the interests of the Class;

   (e)    questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and

   (f)    a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

      i.    the interests of Class Members in individually controlling the prosecution of the separate actions;

      ii.    the extent and nature of any litigation concerning the controversy already commenced by Class Members;

      iii.    the desirability or undesirability of concentrating the litigation of

2

these claims in this particular forum; and

    iv.    the difficulties likely to be encountered in the management of the class action.

4.    The Court hereby finally certifies this Action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons who purchased or otherwise acquired DZS common stock between May 4, 2022 to November 9, 2023, both dates inclusive, and were damaged thereby. Excluded from the Class are (i) Defendants and members of their immediate families; (ii) DASAN Networks, Inc. ("DNI"); (iii) the officers and directors of DZS and DNI during the Class Period, and their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant or DNI has or had a controlling interest. All Persons who timely and validly requested to exclude themselves from the Class in accordance with the requirements set forth in the Notice and Preliminary Approval Order, who are listed on Exhibit A hereto, are also excluded.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiff is certified as the class representatives on behalf of the Class and Class Counsel previously selected by them are hereby appointed as counsel for the Class.

6.    In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein,

3

including the Settlement and Plan of Allocation, to all Persons entitled to such notice.  No Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment.

7.      The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Plaintiff, Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Action and all claims contained therein, as well as all of the Released Plaintiffs' Claims, are dismissed with prejudice as against Defendants and the Released Defendants' Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      Plaintiff, the Class Members, and all other Releasing Plaintiffs' Parties, on behalf of themselves, their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged

4

all Released Plaintiffs' Claims against the Released Defendants' Parties. Plaintiff, the Class Members, and all other Releasing Plaintiffs' Parties, shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Defendants' Parties with respect to any and all Released Plaintiffs' Claims in any forum and in any capacity. Plaintiff, the Class Members, and all other Releasing Plaintiffs' Parties, shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Plaintiffs' Claim, in any capacity, against any of the Defendants' Released Parties. The foregoing release is given regardless of whether Lead Plaintiff or any Class Member: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the Proposed Plan of Allocation, or any other application made by any Party, by Class Counsel, or by any other person; or (v) had their claims approved or allowed. Defendants similarly release and are permanently barred and enjoined from pursuing Released Defendants' Claims against the Released Plaintiffs' Parties. Nothing contained herein shall, however, bar any Plaintiff or Defendant from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

10.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

11.     The Court awards fees to Class Counsel in the amount of _____% of the Settlement Amount, or $_____, plus any interest accrued thereon, and reimbursement of expenses to Class Counsel in the amount of $_____ plus any interest accrued

5

thereon, all to be paid from the Settlement Fund.  Class Counsel shall be solely responsible for allocating the attorneys' fees and expenses among themselves in the manner in which Class Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.  The Court also awards Lead Plaintiff Jason Hawke a compensatory award in the amount of $_____, also to be paid from the Settlement Fund.

12.     The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

13.     Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, actions, documents or proceedings connected with them:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of Released Plaintiffs' Claims, the truth or falsity of any fact alleged by Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants or the Released Defendants' Parties;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or the Released Defendants' Parties in any

civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

(c)     is or may be deemed to be or shall be used, offered, or received against Plaintiff, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiff or the Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)     is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Plaintiff, any Class Member, Defendants, the Released Plaintiffs' Parties or the Released Defendants' Parties, that any of the claims in this Action are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

14.     The terms of 15 U.S.C. §78u-4(f)(7) shall apply to this Settlement, pursuant to which each Defendant shall be discharged from all claims for contribution brought by other persons or entities.  In accordance with 15 U.S.C. §78u-4(f)(7), this Order and Final Judgment

constitutes the final discharge of all obligations to any Class Member of each of the Defendants arising out of the Action or any of the Released Plaintiffs' Claims and, upon the Effective Date, shall bar, extinguish, discharge, satisfy, and render unenforceable all future claims for contribution arising out of the Action or any of the Released Plaintiffs' Claims (a) by any person or entity against any Defendant; and (b) by any Defendant against any person or entity other than any person or entity whose liability has been extinguished by the Settlement.  For the avoidance of doubt, nothing in this Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

15.     Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

16.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction regarding the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

17.     Without further order of the Court, Defendants and Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The finality of this Order and Final Judgment is not contingent on rulings that the Court may make on any application in the Action for an Attorney Fee Award to Class Counsel, or a compensatory Award to Plaintiff.

19.    If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Defendants' Parties or Released Plaintiffs' Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed on December 18, 2025, pursuant to the terms of the Stipulation.

**IT IS SO ORDERED.**